LANG, EXECUTOR, ET AL. *v.* COMMISSIONER OF
INTERNAL REVENUE.

No. 919. Argued April 28, 1938.—Decided May 16, 1938.

*Mr. H. B. Jones,* with whom *Mr. Robert E. Bronson* was on the brief, for Richard E. Lang, Executor, et al.

*Miss Helen R. Carloss,* with whom *Solicitor General Jackson, Assistant Attorney General Morris,* and *Messrs. Sewall, Key* and *J. Louis Monarch* were on the brief, for the Commissioner.

By leave of Court, briefs of *amici curiae* were filed by *Messrs. Ralph W. Smith, L. A. Luce, Claude I. Parker, J. Everett Blum, Martin Gang,* and *Robert E. Kopp,* on behalf of Vee Wolf Roberts, Administratrix, and by *Messrs. J. Blanc Monroe, Monte M. Lemann,* and *J. Raburn Monroe,* both in support of Lang et al.

Mr. Justice McReynolds delivered the opinion of the Court.

The Circuit Court of Appeals has certified propositions of law concerning which instructions are desired for decision of a pending cause. U. S. C., Title 28, § 346.

In 1905 Julius C. Lang married in the State of Washington, where community property laws have long obtained, and both parties continued to be domiciled there until he died in 1929. At his death seventeen policies of insurance upon his life—totaling above $200;000.00—were in force. Each policy required advanced payment of one premium. Fourteen specified the wife as sole beneficiary; children were the beneficiaries in three. Three of those payable to the wife were obtained by the assured prior to marriage and early premium payments upon them came from his separate property; later ones from community funds. Application for fourteen policies followed the marriage and all premiums thereon were paid from community funds.

The Commissioner of Internal Revenue ruled that under § 302 (g), Revenue Act 1926, c. 27, 44 Stat. 9, the entire proceeds from all policies should be reckoned as part of the assured's gross estate subject to the permitted exemption of $40,000, and made an assessment accordingly. The Board of Tax Appeals affirmed.

The exemption is not controverted and by admission each policy permitted the assured to change the beneficiary. The point for consideration is whether all or any portion of the proceeds of a policy, premiums on which were paid out of community funds, must be treated as part of the decedent's gross estate.

The court below concluded that the laws of Washington establish a community between spouses which is a separate entity, "just as a corporation or an association," and that life insurance purchased with its funds is community

property whose character the husband cannot defeat through change of beneficiary.

Accepting as correct, for present purposes, this construction of the local law, also treating the facts disclosed by the certificate as the essential ones, we come to consider the questions submitted for instructions which are restated in order more definitely to indicate our understanding of their significance.

The construction of the local law approved below is certainly a tenable one and finds support in *Graham* v. *Commissioner*, 95 F. 2d 174; *Occidental Life Co.* v. *Powers*, 192 Wash. 475; *Poe* v. *Seaborn*, 282 U. S. 101, 113.

Occasion for the certificate did not arise from doubts relating to the meaning of the community property laws of Washington, but from uncertainty concerning the application of the 1926 Revenue Act to an estate under administration in that State. The court was perplexed by *Bank of America* v. *Commissioner of Internal Revenue*, 90 F. 2d 981, 983, which affirmed that the operation of that Act is not dependent upon local law and "therefore whatever the local law may be we believe it to be immaterial." This statement is not accurate and conflicts with what we have said. *Poe* v. *Seaborn*, 282 U. S. 101, 111, 112; *Blair* v. *Commissioner*, 300 U. S. 5, 9, 10.

1. Must the total or only one-half of the proceeds collected under the insurance policies issued after marriage on the deceased husband's life be reckoned as part of his gross estate, the wife being sole beneficiary and all premiums having been paid from community funds? To this we answer, only one-half.

2. Must the total proceeds of the policy upon a decedent's life, taken out after marriage, children being the sole beneficiaries, and all premiums having been paid from community funds, be reckoned as part of his gross estate; or, in the circumstances, is only one-half to be included? To this we reply, only one-half should be included.

3. Must all proceeds of the policies issued before marriage upon the deceased husband's life be reckoned as part of his gross estate, the wife being sole beneficiary, the first premium having been paid from his separate funds, and all subsequent ones from community funds; or, in the circumstances, is the total received under the policy reduced by one-half of that proportion of such total which premiums satisfied with community funds bear to all premiums paid, the amount to be regarded as belonging to the gross estate? To this we reply, only the total proceeds less one-half of the indicated proportion becomes part of the gross estate.

Section 301 Revenue Act 1926, *supra,* imposes a tax upon the transfer of the net estate of every decedent, etc. And § 302 provides—

"The value of the gross estate of the decedent shall be determined by including the value at the time of his death of all property, real or personal, tangible or intangible, wherever situated—

.  .  .  .  .

"(g) To the extent of the amount receivable by the executor as insurance under policies taken out by the decedent upon his own life; and to the extent of the excess over $40,000 of the amount receivable by all other beneficiaries as insurance under policies taken out by the decedent upon his own life."

The Revenue Acts of 1918, 1921 and 1924 contain similar provisions relative to "policies taken out by the decedent upon his own life."

Treasury Regulations 37 promulgated under the Revenue Act of 1918 provide—

"ART. 32. . . . The term 'insurance' refers to life insurance of every description . . . Insurance is deemed to be taken out by the decedent in all cases where he pays the premiums, either directly or indirectly, whether or not he makes the application. On the other hand, the insur-

ance should not be included in the gross estate, even though the application is made by the decedent, where the premiums are actually paid by some other person or corporation, and not out of funds belonging to, or advanced by, the decedent. . . ."

And there are similar provisions in Treasury Regulations 63, Art. 27, promulgated under 1921 Revenue Act.

Treasury Regulations 68 promulgated under the Revenue Act 1924—

"Art. 25. . . .

"The term 'insurance' refers to life insurance of every description . . . Insurance is deemed to be taken out by the decedent in all cases where he pays all the premiums, either directly or indirectly, whether or not be makes the application. On the other hand, the insurance is not deemed to be taken out by the decedent, even though the application is made by him, where all the premiums are actually paid by the beneficiary. Where a portion of the premiums were paid by the beneficiary and the remaining portion by the decedent the insurance will be deemed to have been taken out by the latter in the proportion that the premiums paid by him bear to the total of premiums paid."

"Art. 28. The amount to be returned where the policy is payable to or for the benefit of the estate is the amount receivable. Where the proceeds of a policy are payable to a beneficiary other than to or for the benefit of the estate, and all the premiums were paid by the decedent, the amount to be listed on Schedule C of the return is the full amount receivable, but where the proceeds are so payable and only a portion of the premiums were paid by the decedent, the amount to be listed on such schedule is that proportion of the insurance receivable which the premiums paid by the decedent bears to the total premiums paid. . . "

270

Arts. 25 and 28, Treasury Regulations 70, promulgated under Revenue Act 1926, contain provisions identical with those just quoted.

Treasury Regulations 70 were in force when Lang died and are applicable to his estate. It is unnecessary for us to consider the meaning, validity or effect of the changes introduced by Regulations 80.

Articles 25 and 28 of Regulations 70 define the words "policies taken out by the decedent upon his own life." Earlier regulations gave the same definition. Nothing else appearing, it must be treated as approved by Congress. *Helvering* v. *Bliss*, 293 U. S. 144, 151. Counsel for the Commissioner suggest that it is at variance with the statute, unreasonable and without effect; but we think this objection is clearly untenable.

Under the community property statutes of Washington, as interpreted below, one-half of the amounts of community funds applied to payment of premiums was property of the wife. To that extent she paid these premiums. Where she is the beneficiary, under the words of the Regulations she became entitled to the proceeds of the policy in proportion to the amount so paid.

Where children were named beneficiaries and premiums were paid from community funds the situation is not within the precise words of the Regulations; but the rather obvious reason underlying the definition of what constitutes a policy "taken out by the assured" should be respected. In the absence of a clear declaration it cannot be assumed that Congress intended insurance bought and paid for with the funds of another than the insured and not payable to the latter's estate, should be reckoned as part of such estate for purposes of taxation. See *Iglehart* v. *Commissioner*, 77 F. 2d 704, 711.

MR. JUSTICE CARDOZO took no part in the consideration or decision of this case.