*824 OPINION".
Van Foss an :
The sole question now at issue is whether or not the entire proceeds from insurance policies carried by the decedent upon his life, payable to beneficiaries other than his estate, and aggregating $807,822.55, are includable in the decedent’s estate.
The petitioner relies on Lang v. Commissioner, 304 U. S. 264, in which the Supreme Court held that only one-half of such proportion of the proceeds of policies of life insurance of a decedent domiciled in the State of Washington, in favor of his wife and child, as represents premiums paid out of funds of the marital community is to be reckoned (less the permitted exemption) as a part of the gross estate for Federal estate tax purposes.
The decision in the Lang case is predicated on the principle that the laws of Washington establish a community between spouses which is a separate .entity and that life insurance purchased with its funds is community property, the character of which the husband can not defeat through change of beneficiary. The court cited as supporting this view Poe v. Seaborn, 282 U. S. 101, in which it was held that a wife in the State of Washington was entitled to file a separate income tax return of her one-half interest in the community income because she had a vested interest in the community property and the income therefrom. In the Lang case the Supreme Court expressly placed its stamp of disapproval on the language and holding of the court in Bank of America National Trust & Savings Association v. Commissioner, 90 Fed. (2d) 981. See also United States v. Goodyear, 99 Fed. (2d) 523.
In construing the community property statutes of California the Supreme Court, in United States v. Malcolm, 282 U. S. 792, answered in the affirmative the certified question, “Has the wife, under § 16la of the Civil Code of California, [effective July 29, 1927] such an *825 interest in the community income that she should separately report and pay her tax on one-half of such income?”, and cited Poe v. Seaborn, supra; Goodell v. Koch, 282 U. S. 118 (Ariz.); and Hopkins v. Bacon, 282 U. S. 122 (Texas).
With respect to the basic principle underlying the decisions in both the Lang and Malcolm cases, the Court recognized the essential similarity of the Washington and California community property laws. In B. L. Blaffer, 38 B. T. A. 632, we considered the applicability of the gift tax to a gift, made by the husband, of his right, title, and interest in insurance policies, as affected by the community property laws of Texas, which differ materially from- corresponding-statutes in California and Washington. In that case we said:
* * * Nor is it of consequence that the community property laws of the State of Washington lay down a different rule from those of the courts of the State of Texas, cf. Lang v. Commissioner, 304 U. S. 264, or that the laws of the State of California appear to be like those of Washington. * * *
We believe that the decisions in the Lang and Malcolm cases have laid down the rule which we must follow in the case at bar. Respondent cites no authority in support of his position, nor have we found any. We affirm the position of petitioner. That portion of the proceeds of the life insurance policies in which the wife of George W. McCoy had a community property interest as measured by the amount of premiums paid from community property since July 29, 1927, the effective date of section 161a of the Civil Code of California, must be excluded from the gross estate of the decedent.

Decision will be entered wader Rule 50.