ESTATE OF JOSE SIMON, DECEASED, JOSE P. SIMON AND JULIAN YEBENES MUNOZ, EXECUTORS, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 91840.    Promulgated October 6, 1939.

*Chester Rohrlich, Esq.*, and *Edward J. Ross, Esq.*, for the petitioners.

*L. A. Spalding, Jr., Esq.*, and *Thomas H. Lewis, Jr., Esq.*, for the respondent.

OPINION.

MURDOCK: The Commissioner determined a deficiency of $44,429.13 in estate tax. The only issue for decision is whether the Commissioner erred in including in the decedent's gross estate all, instead of one-half, of the personal property situated in the United States belonging to the conjugal partnership of the petitioner and his wife. Most of the facts have been stipulated and the stipulation is adopted as a part of the findings of fact.

The decedent was a native citizen of the Republic of Spain and a nonresident alien of the United States at the time of his death on

April 14, 1936. He was married in Cuba in 1901. The Spanish Civil Code was then in force in Cuba. He had practically no property at that time. He and his wife did not execute any matrimonial agreements in regard to property. The couple resided in Spain following their marriage. A conjugal community of partnership was created under the Spanish Civil Code by their marriage and was dissolved by the death of the husband. The property of the conjugal community of partnership included, at the death of the husband, stocks, bonds, and cash, situate in the United States, having a value of $420,617.88. The Commissioner, in determining the deficiency, held that all of the property in the United States above described was a part of the gross estate of the decedent and explained:

The Bureau holds that under the laws of Spain the interest of a surviving spouse in community property is inchoate, a mere expectancy, and therefore, for the purpose of the Federal estate tax, the entire value of the community property may be included in the gross estate of the deceased husband.

The Board finds as a fact from the stipulation, including excerpts from the Spanish Civil Code, from the testimony of expert witnesses, and from citations of authorities on the Spanish Civil Code, that the property of this conjugal partnership belonged equally to the husband and the wife at the time of his death and the wife had a vested interest in her one-half of that property at that time.

The Revenue Act of 1926, in section 302, as amended by section 404 of the Revenue Act of 1934, includes in the gross estate all property "to the extent of the interest therein of the decedent at the time of his death." This decedent at the time of his death had only an undivided one-half interest in the property in question under the law of Spain, the country in which he and his wife were domiciled at the time of his death. His interest is determined under that law as the parties agree. Cf. *Lang* v. *Commissioner*, 304 U. S. 264; *United States* v. *Goodyear*, 99 Fed. (2d) 523. The foreign laws have been proven in this case by stipulation, by expert witnesses, and by citations of authorities agreed upon by the parties. Cf. *Columbian Carbon Co.*, 25 B. T. A. 456; *W. J. Burns*, 12 B. T. A. 1209; *Havana Electric Railway, Light & Power Co.*, 29 B. T. A. 1151; *Slater* v. *Mexican National Railroad Co.*, 194 U. S. 120. This proof is all one way and leaves the Commissioner with no proof to support his determination. He relies upon certain decisions of a Louisiana court and a court of New Mexico, but the decisions were later reversed by higher courts, which pointed out that the lower courts had incorrectly interpreted the Spanish law. We hold that the Commissioner erred and should have included only one-half of the property in the gross estate of this decedent. Cf. *Sanchez* v. *Bowers*, 70 Fed. (2d) 715; *Estate of Jose M. Tarafa y Armas*, 37 B. T. A. 19.

*Decision will be entered under Rule 50.*