ESTATE OF SHEARN MOODY, DECEASED, W. L. MOODY, JR., AND A. A. HORNE, INDEPENDENT EXECUTORS, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 97484.    Promulgated October 15, 1940.

*James W. Wayman, Esq.*, for the petitioners.
*Frank B. Schlosser, Esq.*, for the respondent.

**OPINION.**

BLACK: Petitioners contend that only one-half of the proceeds of the policies of insurance taken out on his life after his marriage to his wife, Frances R. Moody, the premiums of which were paid entirely from community funds, should be included in computing decedent's gross estate.

As to those policies which were taken out by decedent prior to his marriage, petitioners contend that there should be included as a part of decedent's gross estate the total proceeds of these policies,

reduced by one-half of that proportion of such total which premiums satisfied with community funds bears to all premiums paid, all, of course, subject to the $40,000 exemption allowed by law.

In support of their contentions, petitioners rely on *Lang* v. *Commissioner*, 304 U. S. 264. In the *Lang* case, there were seventeen policies of insurance involved, all aggregating $200,000. Fourteen of these were payable to the wife and three were payable to the children of decedent. Three of the policies were taken out prior to marriage and the early premiums were paid out of the separate funds of decedent, Lang. After the marriage all premiums on these three policies were paid out of community funds. Likewise all premiums on the 14 policies taken out after marriage were paid for out of community funds.

On these facts the Supreme Court held that only one-half of the proceeds of the fourteen policies taken out after marriage should be included in decedent's gross estate and that all the proceeds of the three policies taken out prior to marriage, reduced by one-half of that proportion of such total which premiums satisfied with community funds bear to all premiums paid, should be included as a part of decedent's gross estate. Thus the decision of the Supreme Court in the *Lang* case would seem to sustain petitioners' contention.

However, respondent contends that the Supreme Court decided the *Lang* case under article 25 of Regulations 70, and that this article was superseded by article 25 of Regulations 80; that at the time of the death of decedent in the instant case, article 25 of Regulations 80, was in full force and effect, and that under that article, the entire proceeds of the policies involved in this proceeding were includable as a part of decedent's estate, less the statutory exemption of $40,000 provided by law. The two respective articles are printed in the margin.[1]

---

[1] ART. 25. [Regulations 70.] *Taxable Insurance.*—* * *

The term "insurance" refers to life insurance of every description, including death benefits paid by fraternal beneficial societies, operating under the lodge system. Insurance is deemed to be taken out by the decedent in all cases where he pays all the premiums, either directly or indirectly, whether or not he makes the application. On the other hand, the insurance is not deemed to be taken out by the decedent, even though the application is made by him, where all the premiums are actually paid by the beneficiary. Where a portion of the premiums were paid by the beneficiary and the remaining portion by the decedent the insurance will be deemed to have been taken out by the latter in the proportion that the premiums paid by him bear to the total of premiums paid.

ART. 25. [Regulations 80.] *Taxable Insurance.*—* * *

The term "insurance" refers to life insurance of every description, including death benefits paid by fraternal beneficial societies, operating under the lodge system. Insurance is considered to have been taken out by the decedent, whether or not he made the application, if he acquired the ownership of, or any legal incident thereof in, the policy; but in the case of a decedent dying before November 7, 1934 (the date of approval of the 1934 edition of Regulations 80), the provisions of the second paragraph of article 25 of Regulations 70 (1929 edition) will continue to apply. Legal incidents of ownership in the policy include, for example: The right of the insured or his estate to its economic benefits, the power to change the beneficiary, to surrender or cancel the policy, to assign it, to revoke an assignment, to pledge it for a loan, or to obtain from the insurer a loan against the surrender value of the policy, etc.

Respondent, in support of his contention that article 25 of Regulations 80 has supplanted the earlier regulation and that under the latter regulation the entire proceeds of insurance policies taken out by decedent and payable to others than his estate are includable in his gross estate, less the statutory exemption of $40,000, even though all the premiums were paid out of community funds, cites *Estate of Cyprian A. Sporl, Sr.*, 40 B. T. A. 925. That case unquestionably supports respondent's position.

However, since briefs were filed in the instant case, the Fifth Circuit has reversed our decision in the *Sporl* case, *sub nom. DeLappe* v. *Commissioner*, 113 Fed. (2d) 48. The court in its opinion expressed the view that its own decision in *Newman* v. *Commissioner*, 76 Fed. (2d) 449, which we cited and relied upon in our decision in the *Sporl* case, had been impliedly overruled by the Supreme Court in the *Lang* case. The court in its opinion in the *DeLappe* [*Sporl*] case, among other things said:

It is unimportant whether the beneficiary receives the proceeds as separate property or as community property. In either case, if the premiums have been paid out of community funds, the wife has paid one-half of the cost of the insurance and the decedent has paid the other half. In this case the interest of decedent in the policies at the time of his death was only one-half. Regulations 80 could not and did not change this.

It is, of course, true that the *Sporl* case involved insurance policies taken out on the life of a decedent who lived in the State of Louisiana and the community property rights in the policies were governed by the laws of that state. However, no distinction has been pointed out in this respect between the laws of Louisiana and of Texas. In both states the community interest of the wife in property acquired during marriage is present and vested and not a mere expectancy.

The respondent in his brief, in urging that the Board's decision in the *Sporl* case was controlling of our decision in the instant case, did not argue that there was any difference between the laws of Louisiana and those of Texas in respect to rights in insurance policies taken out on the life of one of the spouses and paid for with community funds. In discussing the *Sporl* case in his brief, the respondent said:

The more recent case of *Estate of Cyprian A. Sporl, Sr.*, 40 B. T. A. 924, is directly in point, except that the decedent in that case was a resident of Louisiana, another community property state. The question there, as here, was whether the total value of the insurance policies, the premiums on which had been paid out of community funds, was includable in gross estate. The Board concluded that it was, relying upon *Newman* v. *Commissioner* (C. C. A. 5th, 1935) 76 F. (2d) 449, cert. denied, 296 U. S. 600, and refusing to follow *Lang* v. *Commissioner*, (1938) 304 U. S. 264, a Washington case, because of the change in the Commissioner's regulations in force when the decedent died.

(Article 25, Regulations 80, *supra.*) The decedent herein also died after the promulgation of Regulations 80.

The decision in the *Sporl* case seems to turn largely on the fact that the decedent had the right up to the time of his death to change the beneficiary and to give the proceeds to any person whom he might select without the wife's consent. The decedent in this case had the same right under the community property laws of Texas.

On authority of *Lang* v. *Commissioner, supra,* and *DeLappe* v. *Commissioner, supra,* we sustain petitioners in their assignment of error.

The parties have stipulated the facts which will enable the apportionment of the proceeds of the policies taken out by decedent prior to his marriage in accordance with the rule laid down by the Supreme Court in the *Lang* case. As to the policies taken out by decedent after his marriage, only one-half of the proceeds of these will be included in decedent's estate because the entire premiums on these policies were paid with community funds.

Reviewed by the Board.

*Decision will be entered under Rule 50.*

Leech and Turner dissent.