RIETTA K. LEVY, EXECUTRIX OF THE ESTATE OF OSCAR LEVY, DECEASED, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 100180. Promulgated October 15, 1940.

*B. F. Young, Esq.,* for the petitioner.
*Donald P. Moyers, Esq.,* for the respondent.

OPINION.

ARUNDELL: The principal question here is whether the eighteen insurance policies on decedent's life must be included in his estate at their full value or only at a figure representative of the premiums which were paid by him. The first position is the view of the respondent, who relies on our decision in *Estate of Cyprian A. Sporl, Sr.,* 40 B. T. A. 925. The facts there were with the exception of minor differences similar to those in the instant proceeding. The decision of the Board in that case has been reversed *sub nom. DeLappe* v. *Commissioner,* 113 Fed. (2d) 48, and we think the views of the court given there must control our decision.

The basis for the holding of the Circuit Court is made plain by the following quotation from its opinion:

* * * In Louisiana the wife has a present, vested interest in one-half of the community property and not a mere expectancy. Upon the death of the husband she does not take by inheritance but in her own right as owner. * * * In computing estate taxes on the proceeds of life insurance the question to be decided is whether the decedent paid all or only part of the premiums. * * * if the premiums have been paid out of community funds the wife has paid one-half of the cost of the insurance and the decedent has paid the other half.

Ownership of the policies under local law determined in Louisiana by the source of the premiums, therefore, is the significant factor in the settling whether any part of their value should be included in the decedent's estate. In the instant case the amount of the premiums paid by decedent's wife is plain and that proportion of the proceeds of the policies is not includable in decedent's estate. The presence of the provision in four of the policies making the decedent's estate the beneficiary in certain contingencies, and the provisions reserving certain rights to the decedent found here and in the *Sporl* case, *supra*, do not vary the conclusion reached. While these rights are normally some evidence of ownership, in the present case the decedent is invested with them not because of ownership of the policies involved, but as an agent of the community. Nor does the possibility that the decedent's estate might receive the proceeds of the policies, standing alone, place in the petitioner such an important incident of ownership as to alter this result when the contingency did not mature.

We conclude, therefore, that the decedent's estate should include the policies purchased subsequent to decedent's marriage at only one-half their value and those purchased prior thereto must be included at three-fifths of theirs. This result is in keeping with *Lang* v. *Commissioner,* 304 U. S. 264. The case of *Newman* v. *Commissioner,* 76 Fed. (2d) 449, in so far as it conflicts, is overruled by the decision of the Circuit Court in the *Sporl* case, *supra*.

There remains for disposal the question of the deduction of attorney's fees paid in the administration of the community which included decedent's and petitioner's properties. It is stipulated that the entire community was administered, the community interest of Rietta K. Levy along with that of the decedent. In these circumstances our decision is controlled by *Lang* v. *Commissioner*, 97 Fed. (2d) 867; reversed on another point, 304 U. S. 264. See also *Austen Leigh Claiborne et al., Executors*, 40 B. T. A. 722.

Those cases involve estates administered under Washington law. No contention is made by the parties that the Louisiana law on this point is different. We, therefore, think they should be followed and since only one-half the fees are attributable to the administration of decedent's portion of the estate, only one-half may be deducted in computing the estate tax.

Reviewed by the Board.

*Decision will be entered under Rule 50.*

LEECH and TURNER dissent.