

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable George H. Sheppard
Comptroller of Public Accounts
Austin, Texas

Dear Mr. Sheppard:

Opinion No. O-5294
Re: Applicability of Inheritance Tax
Statute (Art. 7117) to proceeds
of policies of insurance taken
out by decedent on his own life
and thereafter assigned by him
prior to the enactment of the
statute without the retention of
any right of control by decedent.

The facts reflected by your letter of May 4,
1943, are these:

Decedent took out upon his own life various
insurance policies. Prior to 1935 decedent transferred all
incidents of legal ownership of such policies to his wife and
three children. Thus he had no right to the cash surrender
value of such policies, to pledge same for a loan, to surrender
or to cancel same, to change the beneficiaries or to obtain a
loan on same from the insurer. All premiums on such policies
were paid by insured out of the community funds of himself and
his wife.

Your contention that such policies are sub-
ject to the inheritance tax is predicated upon two propositions:

"1. The measure of taxability is the payment
of premiums by the insured and not the possession of legal
incidents of ownership at death.

"2. The beneficiaries of the proceeds of
these policies did not come into possession or enjoyment
of said proceeds until the death of the insured."

Honorable George H. Sheppard, page 2

You request the opinion of this department advising you whether you should include the proceeds of such policies in the final inheritance tax report and compute the tax thereon.

Article 7117, V. A. C. S., insofar as it undertakes to tax the proceeds of insurance policies payable to named beneficiaries, was enacted in 1939. It reads, in part, as follows:

"All property within the jurisdiction of this State, real or personal, corporate or incorporate, and any interest therein, including property passing under a general power of appointment exercised by the decedent by will, including the proceeds of life insurance to the extent of the amount receivable by the executor or administrator as insurance taken out by the decedent upon his own life, and to the extent of the excess over Forty Thousand Dollars ($40,000) of the amount receivable by all other beneficiaries as insurance under policies taken out by the decedent upon his own life, . . . ., which shall pass absolutely or in trust by will or by the laws of descent and distribution of this or any other State, or by deed, grant, sale or gift made or intended to take effect in possession or enjoyment after the death of the grantor or donor, shall, upon passing to or for the use of any person, . . . ., be subject to a tax . . ." (Emphasis ours)

After pointing out that the provisions of Article 7117, which levies an inheritance tax upon the proceeds of insurance policies, is practically identical with the provision of the Federal estate tax statute which was in force at the time of the passage of the 1939 amendment to Article 7117, the Texas Supreme Court, in the case of Blackmon v. Hansen, 169 S. W. (2d) 962, said:

". . . The controlling terms of the Federal statute are identical with the Texas statute. The Texas statute having been literally taken from the Federal statute, the presumption is that the Texas Legislature knew of the construction given such statute at the time of its adoption, and intended to adopt such statute as construed by the Federal Courts; and such statute is to be considered by the courts of this State in the light of such construction." (Emphasis ours)

Honorable George H. Sheppard, page 3

In that case the Supreme Court adopted the construction of this statute given to the Federal Statute by the United States Supreme Court in Lang v. Commissioner of Int. Rev., 304 U. S. 264, 58 S. Ct. 880, 82 L. Ed. 1331, 118 A. L. R. 319, where the court held that only that portion of the life insurance paid for by the decedent was "taken out by the decedent upon his own life" within the terms of the statute. However, at the time of the passage of the 1939 amendment to the Texas Statute and at the time of the Supreme Court's decision of the Blackmon case, numerous other cases construing the Federal Statute had been decided by the Federal Courts.

In the case of Lewellyn v. Frick, 268 U. S. 238, 45 S. Ct. 487, 69 L. Ed. 934, the United States Supreme Court had before it the identical facts and the identical question here under consideration. In that case the court, after stating that there was grave doubt of the power of Congress to enact a law that would effectually tax a transfer consummated before its enactment, and in holding such transfer not taxable made this statement:

"Not only are such doubts avoided by construing the statute as referring only to transactions taking place after it was passed, but the general principle 'that laws are not to be considered as applying to cases which arose before their passage' is preserved, when to disregard it would be to impose an unexpected liability that, if known, might have induced those concerned to avoid it, and to use their money in other ways."

Again, in the case of Bingham v. United States, 296 U. S. 211, 80 L. Ed. 160, 56 S. Ct. 180, the Supreme Court most emphatically declared that the Federal Statute did not reach the proceeds of insurance policies where such policies had been assigned prior to its enactment, saying:

"The principles so recently announced by this court in Helvering v. St. Louis Union Trust Co., ante, p. 39, and Becker v. St. Louis Union Trust Co., ante, p. 48, are decisive of the case in favor of the taxpayers. Those principles establish that the title and possession of the beneficiary were fixed by the terms of the policies and assignments thereof, beyond the power of the insured to affect, many years before the act in question here was passed. No interest passed to the beneficiary as the result of the death of the insured." (Emphasis ours)

Honorable George H. Sheppard, page 4

Under the Texas law in force at the time this statute was enacted the assignment of an insurance policy (absent the reservation of the right to change the beneficiary) is a completed transaction which vests in the assignee complete and perfect title and vests in such assignee the title to the proceeds of such insurance. Burges v. New York Life Ins. Co., 53 S. W. 602. Consequently, since title was already vested in the assignees, at the time of the passage of the 1939 amendment, nothing passed to the assignees thereafter, either by acts of the decedent or by his death. See Frick and Bingham cases, supra.

Under the ruling of the Supreme Court in Blackmon v. Hansen, supra, our statute must be construed in the same manner that the Federal Statute from which it was adopted was construed at the time of its passage. The Frick and Bingham cases represent the construction of the Federal Statute at the time of the enactment of the 1939 amendment to Article 7117. We, therefore, advise you that the proceeds of insurance policies which were assigned, without reservation, prior to the enactment of the 1939 amendment to Article 7117, and in which decedent never thereafter acquired an interest, are not taxable under the provisions of Article 7117, V. A. C. S.

Trusting that the above fully answers your inquiry, we are

Yours very truly

ATTORNEY GENERAL OF TEXAS

By _Fowler Roberts_

Fowler Roberts
Assistant

FR:AMM

MAY 25, 1943

_Gerald C. Mann_

SECRETARY GENERAL OF TEXAS

APPROVED
OPINION
COMMITTEE
BY Gw73
CHAIRMAN