WIENER et al. v. FERNANDEZ, Collector of Internal Revenue.

No. 936.

District Court, E. D. Louisiana, New Orleans Division.

March 31, 1945.

Herold, Cousin & Herold and Sidney L. Herold, all of Shreveport, La., and Phelps, Dunbar, Marks & Claverie and Charles E. Dunbar, all of New Orleans, La., for plaintiffs.

Samuel O. Clark, Jr., Asst. Atty. Gen., Andrew D. Sharpe, Helen R. Carloss, and James P. Garland, Sp. Assts. to the Atty. Gen., and Herbert W. Christenberry, U. S. Atty., and A. P. Schiro, III, Asst. U. S. Atty., both of New Orleans, La., for defendant.

R. N. Gresham, of San Antonio, Tex., Palmer Hutcheson, of Houston, Tex., J. P. Jackson, of Dallas, Tex., and Harry C. Weeks, of Fort Worth, Tex., amici curiae.

BORAH, District Judge.

This action was filed by the universal legatees and heirs of Sam Wiener, Jr., deceased, to recover an alleged overpayment of federal estate taxes in the amount of $162,329.59, with interest. The case was tried by the court without a jury on an agreed statement of facts. The stipulated facts, incorporated herein by reference, reveal the following:

Plaintiffs are the sons of Sam Wiener, Jr., who died on December 10, 1942, in Shreveport, Louisiana, leaving a last will and testament in which he constituted the present plaintiffs his sole heirs. Decedent was married in Shreveport, Louisiana, in the year 1907 to Florence Loeb with whom he lived from that time until his death.

"During the marriage, Sam Wiener, Jr., was engaged in many different kinds of business, such as the grocery business, lumber business, real estate and later, in investments of various character. All assets of every character, movable and immovable, which stood of record or in the possession of the decedent at the time of his death (with the exception of certain realty in Mississippi) was acquired by, and fell into the ownership of the marital community which had existed between him and his surviving wife. At no time during the existence of the community was Mrs. Wiener ever employed in a gainful occupation outside the household, nor did she receive from any one salary or other compensation for such personal services, nor was any part of the community property derived originally from any separate property owned by Mrs. Wiener."

In the federal estate tax return filed on behalf of the estate of Sam Wiener, Jr., deceased, plaintiffs reported the entire value of all of the separate property owned by decedent, plus the one-half of the net value of the community which had existed between decedent and his surviving wife. Included in said community, and therefore reported only to the extent of one-half thereof, were fifteen policies of life insurance contracted for by decedent during the said marriage, all naming the wife as beneficiary, and each and all of the premiums on which had been paid with community funds. Each of said policies reserved the right to the insured of changing the beneficiary.

Under the return as filed there was an estate tax liability of $107,078.47 and this sum was paid.

In the audit of the federal estate tax return the Commissioner of Internal Revenue assessed a deficiency of federal estate taxes of $165,821.57, which together with interest in the amount of $3,807.08 was paid by plaintiffs to defendant herein on August 10, 1944. The additional assessment resulted in part from the inclusion by the Commissioner of Internal Revenue in decedent's taxable estate of the entire value of all of the community property of every character and the inclusion in the taxable estate of the total proceeds of the life insurance above referred to.

Claim for refund of the amount sued for herein was filed by plaintiffs on August 12, 1944, and said claim was rejected in its entirety by the Commissioner of Internal Revenue on October 31, 1944.

"There exists no controversy between the parties respecting valuations. The amount claimed by the plaintiffs in their claim for refund, and which forms the subject matter of this suit, represents that part of the deficiency assessment resulting

entirely from the application by the Bureau of Internal Revenue of the provisions of Section 402(b) (2) and of Section 404(a) of the Federal Revenue Act of 1942, 26 U. S.C.A. Int.Rev.Acts; that is to say, in the inclusion by the Bureau of Internal Revenue in the taxable estate of the decedent the entire community property (rather than only one-half thereof as returned), including the entire proceeds of the life insurance above referred to."

Section 811, subsections (e) and (g) of the Internal Revenue Code, the applicable statute, was amended by Sections 402(b) (2) and 404(a), respectively, of the Revenue Act of 1942. This case presents the question of the constitutional validity of Sections 402(b) (2) and 404(a). For convenience of discussion I shall hereinafter refer only to Section 402(b) (2) as the constitutional questions raised by plaintiffs in respect to this amending section apply with equal force to Section 404(a).

Section 402(b)(2) of the Revenue Act of 1942 provides that there shall be included in a decedent's gross estate the full value of all property "to the exent of the interest therein held as community property by the decedent and surviving spouse under the law of any State, Territory, or possession of the United States, or any foreign country, except such part thereof as may be shown to have been received as compensation for personal services actually rendered by the surviving spouse or derived originally from such compensation or from separate property of the surviving spouse. In no case shall such interest included in the gross estate of the decedent be less than the value of such part of the community property as was subject to the decedent's power of testamentary disposition."

By its express terms this statute provides that all property held by a decedent and spouse in community shall be included in the gross estate of the decedent, except that portion shown to have been received as compensation for personal services actually rendered by the survivor, or derived from such compensation, or from the separate property of the survivor, but in no case shall such interest included in the gross estate be less than the share over which the decedent had a testamentary power of disposition.

The community property with which we are concerned in the instant case is of the type which does not fall within either ex-ception in the statute. We have therefore a type of community property in which the first spouse to die is taxed on the whole, including the survivor's share.

■ The fact that section 402(b) (2) allows all property which can be shown to have been received for personal services actually rendered or derived originally from such compensation or from separate property of the surviving spouse does not operate in aid of its validity in Louisiana. All income of the husband is presumed under the law of this state to be community property. Civil Code Art. 2405. Furthermore, "compensation for personal services actually rendered" falls into the community (Article 2402) regardless of whether such service be rendered by the husband or by the wife living together as such. To charge the heirs with the burden of showing what part of the community consisted of the survivor's separate earnings or separate property would not only be impracticable but would have the effect of denying one of the most important principles of the community property system, the theory that the gains of the community automatically vest in the husband and wife equally, each having full ownership of one-half of such gains. Arts. 2402, 2406. Moreover, section 402(b) (2) itself denies this allowance by providing that in no case may the gross estate be less than the value of such part of the community property as was subject to the decedent's power of testamentary disposition. Thus the statute first states, in effect, that community property, for taxation purposes, will be regarded as the separate property of each spouse to the extent that it was earned by that spouse, then suddenly announces a recognition of the surviving spouse's half interest in the community, regardless of its source by providing that the estate of the spouse dying first is taxable to the extent of at least one-half the community in all instances.

■ The federal estate tax is not a tax on property, but on the transmission of property from the dead to the living. United States v. Perkins, 163 U.S. 625, 16 S.Ct. 1073, 41 L.Ed. 287; Plummer v. Coler, 178 U.S. 115, 20 S.Ct. 829, 44 L.Ed. 998. This statute abolishes completely as to community partnership property only the test of ownership at death as being the controlling factor in measuring the tax, and substitutes therefor, as to the bulk of such property, the conception of dual, but complete, ownership by both spouses, so that

this bulk is taxed as a part of the gross estate on the first to die, depending not on source, actual ownership or management, but upon the accidental circumstance of which spouse predeceases the other. As to that property received or derived from compensation for personal services actually rendered or traceable to income from separate property, the source controls only in the event the first to die received the compensation or owned the separate property, and all such property must be included in such recipient's gross estate. If the first to die did not receive the compensation or the derivatives from separate property, source is completely disregarded, and one-half is included in the gross estate of such decedent. Power of testamentary disposition limits the amount to be included in the gross estate, so it can not in any case be less than the amount over which the decedent had power of testamentary disposition and thus in certain events a third and different rule of taxation is applied.

■■■ "The nature and character of the right of the wife in the community for the purpose of taxation (is) peculiarly a local question" and determination of the state court thereon is not reviewable by the Supreme Court. Moffitt v. Kelly, 218 U.S. 400, 406, 31 S.Ct. 79, 81, 54 L. Ed. 1086, 30 L.R.A.,N.S., 1179; Lang v. Commissioner of Internal Revenue, 304 U.S. 264, 58 S.Ct. 880, 82 L.Ed. 1331, 118 A.L.R. 319. As was said in United States v. Goodyear, 9 Cir., 99 F.2d 523, 526, "the present rule seems to be that community property law is applicable in determining the amount of the gross estate" for federal estate tax purposes. "Every marriage contracted in this State, superinduces of right partnership or community of acquets or gains, if there be no stipulation to the contrary," Article 2399, and it is the settled law of Louisiana "That this community is a partnership in which the husband and wife own equal shares, their title thereto vesting at the very instant such property is acquired." Succession of Wiener, 203 La. 649, 657, 14 So.2d 475, 477.

■■■ "In Louisiana, the wife has a present vested interest in community property equal to that of her husband." Bender v. Pfaff, 282 U.S. 127, 132, 51 S.Ct. 64, 65, 75 L.Ed. 252. "The wife's rights in and to the community property do not rest upon the mere gratuity of her husband; they are just as great as his and

are entitled to equal dignity." Succession of Wiener, supra, 203 La. at page 666, 14 So.2d at page 480. The rights of the wife as well as those of the husband in and to the marital gains grow out of the marriage contract itself and do not originate only when it is dissolved. She is the half partner and owner of all acquisitions made during the existence of the community whether they be property or income. She is afforded the same privilege as her husband of disposing of her interest therein by will, and in the absence of a will, at her death her interest in the community property passes to her legal heirs in the same manner as her husband's interest therein passes to his legal heirs, in the absence of a will.

The Louisiana Code speaks of the community always as a partnership, the husband being its manager. The husband is the managing partner of the partnership but his powers of management are restricted and circumscribed. His management of the wife's interest in the property terminates upon separation, upon divorce, upon a showing of fraud, or whenever the husband proves to be incompetent, a bad manager, of a reckless and speculative disposition or whenever his affairs are in such disorder that her property rights are jeopardized. Under the statutes of Louisiana the wife can by ante-nuptial agreement with her husband stipulate that there shall be no community, or by agreement make herself rather than him the managing partner, or agree that the community partnership shall be managed jointly by husband and wife or vary the partnership agreement in any other way they see fit. Failure to exercise such option carries with it the conclusive presumption that they had elected that future acquisitions should be under the régime of the ordinary community which "consists of the profits of all the effects of which the husband has the administration and enjoyment, either of right or in fact, of the produce of the reciprocal industry and labor of both husband and wife, and of the estate which they may acquire during the marriage," etc. Article 2402. Accordingly all property found in the possession of either spouse upon dissolution of the community is presumed to be community partnership property unless it can be clearly identified as belonging to the separate estate of one or the other. Art. 2405. The source and nature of community partnership property was summarized in Succession of Wiener, supra, and

it would serve no useful purpose to repeat that summarization here.

I believe in the reality of the wife's interest in the Louisiana marital community, and I believe in the inequity of taxing a decedent's estate with respect to wealth which he never owned. These principles the statute patently ignores.

■ The law in question clearly violates the principle announced in Hoeper v. Tax Commission, 284 U.S. 206, 215, 52 S.Ct. 120, 122, 76 L.Ed. 248, 78 A.L.R. 346, that "any attempt * * * to measure the tax on one person's property * * * by reference to the property * * * of another is contrary to due process of law."

In Heiner v. Donnan, 285 U.S. 312, 326, 327, 52 S.Ct. 358, 361, 76 L.Ed. 772, the court said: "That a federal statute passed under the taxing power may be so arbitrary and capricious as to cause it to fall before the due process of law clause of the Fifth Amendment is settled. Nichols v. Coolidge, 274 U.S. 531, 542, 47 S.Ct. 710, 71 L.Ed. 1184, 52 A.L.R. 1081; Brushaber v. Union Pac. R. Co., 240 U.S. 1, 24-25, 36 S.Ct. 236, 60 L.Ed. 493, L.R.A.1917D, 414, Ann.Cas.1917B, 713; Tyler v. United States, supra, 281 U.S. [497], 504, 50 S.Ct. 356, 74 L.Ed. 991, 69 A.L.R. 758." And then after discussing the Hoeper case the court said: "In substance and effect, the situation presented in the Hoeper case is the same as that presented here. * * * *The result is that upon those who succeed to the decedent's estate there is imposed the burden of a tax, measured in part by property which comprises no portion of the estate, to which the estate is in no way related, and from which the estate derives no benefit of any description.* Plainly, this is to measure the tax on A's property by imputing to it in part the value of the property of B, a result which both the Schlesinger [Schlesinger v. Wisconsin, 270 U.S. 230, 46 S.Ct. 260, 70 L.Ed. 557, 43 A.L.R. 1224] and Hoeper cases condemn as arbitrary and a denial of due process of law. *Such an exaction is not taxation* but spoliation. 'It is not taxation that government should take from one the profits and gains of another. That is taxation which compels one to pay for the support of the government from his own gains and of his own property.' United States v. Railroad Co., 17 Wall. 322, 326, 21 L.Ed. 597." (Italics supplied.)

The statute cannot be supported on the basis that economic benefits were shifted by death. It is quite true that there is frequently a shift in management at the husband's death, but the rights held by the wife when contrasted to the restrictions and circumscribed agency powers of the husband do not lend support to the view that the husband's death confers a real or substantial economic benefit on the wife with respect to the one-half interest in the partnership property, which she has always owned. A shift of bare management powers is not a shift in economic interest and cannot be made the subject of the tax. That the tax must be measured by the shifting of real economic benefits as distinguished by mere agency or trust powers is shown by the decision of Reinecke v. Northern Trust Co., 278 U.S. 339, 346-347, 49 S.Ct. 123, 73 L.Ed. 410, 66 A.L.R. 397; Poe v. Seaborn, 282 U.S. 101, 113, 51 S.Ct. 58, 75 L.Ed. 239. But, be this as it may, the statute is not limited in its application to the case where the husband died first. The language compels its equal application where the husband is the survivor. It expressly provides that there shall be included in the taxable estate of the decedent "the interest therein held as community property by the decedent and surviving spouse." The decedent may well be the wife and the surviving spouse the husband. In such case it is not believed that any one familiar with Louisiana law would have the temerity to urge that the husband had acquired any right by his wife's death. Yet the statute operates equally in the assumed case as under the facts here involved. On settled principles and from the authorities it is clear that if the statute be invalid in the case of the predecease of the wife it is equally invalid in the case where it is the husband who died first. United States v. Reese, 92 U.S. 214, 221, 23 L.Ed. 563; Poindexter v. Greenhow, 114 U.S. 270, 304-305, 5 S.Ct. 903, 962, 29 L.Ed. 185, 207; Howard v. Illinois Cent. R. Co., 207 U.S. 463, 501, 28 S.Ct. 141, 52 L.Ed. 297; Butts v. Merchants' & Miners' Transportation Co., 230 U.S. 126, 134, 33 S.Ct. 964, 57 L.Ed. 1422; Bowman v. Continental Oil Co., 256 U.S. 642, 648, 41 S.Ct. 606, 65 L.Ed. 1139; 11 Am.Jur., Constitutional Law, Secs. 152, 155, 160, pages 834, 837, 842–845, 854–855.

■ The committee reports show that section 402(b) (2) was enacted upon the theory that its constitutionality was assured under the cases of Tyler v. United States, supra, and United States v. Jacobs, 306 U.S. 363, 59 S.Ct. 551, 83 L.Ed.

174

763. But these cases do not support the amendment. Technically many grounds exist for distinguishing the issue involved in the common-law devices of concurrent ownership from the problem of community property. In tenancy by the entirety and joint tenancy, neither party has the power of testamentary disposition before the death of the other. In both instances the doctrine of survivorship is the predominant and distinguishing feature, the interest of the decedent automatically vesting in the survivor.[1] Under the community property system each spouse has the full power of testamentary disposition over one-half of the community property at all times and the surviving spouse obtains the decedent's share of the community in full ownership only in case there are no ascendants or descendants.

Tenancy by the entirety and joint tenancy are created only by a private conveyance or devise and are disfavored in most common-law states in preference to tenancy in common. In Louisiana the marriage of the parties automatically superinduces the community property system unless there is stipulation to the contrary, and all property, real and personal, acquired during the marriage is presumed to fall into the community. In the Tyler and Jacobs cases, death became the generating source of important and definite accessions to the survivor's property rights and all the property came mediately or immediately to the tenancy as a pure gift from the decedent. In Louisiana the wife's interest does not proceed from a gratuity nor does the death of a community partnership spouse generate added property rights in the survivor's one-half of the property.

In the Tyler case the statute expressly included such estates but also expressly excepted "such part thereof as may be shown to have originally belonged to such other person and never to have belonged to the decedent." 39 Stat. 778, §. 202(c). And as to the estate held to be taxable it is said: "None of the property constituting it had, prior to its creation, ever belonged to the surviving spouse." [281 U.S. 497, 50 S.Ct. 358.] This was a just basis for the decision. But neither the Tyler case nor the Jacobs case has the remotest application to community partnership property.

In view of the foregoing the court deems it unnecessary to pass on the re-maining constitutional questions raised by plaintiffs.

### Findings of Fact.

The court finds as the facts the allegations of fact contained in the complaint, to the extent that they were admitted by the defendant's answer, and the additional facts contained in the written stipulation on file. These are incorporated herein by reference.

### Conclusions of Law.

1. Section 402(b) and Section 404(a) of the Revenue Act of 1942 are unconstitutional and void, being in conflict with the requirements as to due process contained in the 5th Amendment to the Constitution of the United States.

Plaintiffs are entitled to recover from the defendant the aforesaid sum of $162,-329.59, with interest at the rate of six per cent. per annum from August 10, 1944 until paid.

The clerk is directed to enter judgment accordingly.

---

[1] 14 Am.Jur., Cotenancy, Secs. 6, 7, 8, 12, 15, 86.