## BENZIAN v. GODWIN.

### No. 281, Docket No. 21006.

Circuit Court of Appeals, Second Circuit.
June 30, 1948.

954

Poletti, Diamond, Freidin & Mackay, of New York City (Charles Poletti, David Mackay, Sidney A. Diamond and Robert E. Herman, all of New York City, of counsel) for appellant.

John F. X. McGohey, U. S. Atty., of New York City, for the Southern District of New York (Henry L. Glenn, of New York City, of counsel) for appellee.

Before AUGUSTUS N. HAND, CLARK and FRANK, Circuit Judges.

FRANK, Circuit Judge:

The chief issue is whether Congress intended the training and service provisions of the Selective Service Act, 50 U.S.C.A. Appendix, § 303(a), to apply to temporary business visitors kept in this country by virtue of transportation difficulties. The Act, as originally passed in September, 1940, made "every male alien residing in the United States" subject to registration (Sec. 2, 50 U.S.C.A.Appendix, § 302), and made "every male alien residing in the United States who has declared his intention to become such a citizen" liable to training and service (Sec. 3(a). On October 11, 1940, the Attorney General delivered an opinion [1] in which he interpreted the phrase "every male alien residing in the United States," as then found in Section 2; he interpreted it to mean that "temporary alien visitors for business or pleasure" were among those subject to registration, and that the Act was intended to apply to every alien "who lives or has a place of residence or abode in the United States, temporary or otherwise, for whatever purposes taken or established." There seems to be no doubt that, under the Attorney General's interpretation of the Act of 1940,[2] appellant was subject to registration. At that time, however, he was not liable for training and service, as he was not a male alien residing

---

[1] 39 Op.Atty.Gen. 504.

[2] Such executive construction is entitled to great weight. Cf. Billings v. Truesdell, 321 U.S. 542, 552, 553, 64 S.Ct. 737, 88 L.Ed. 917; Fleming v. Mohawk Wrecking & Lumber Co., 331 U.S. 111, 116, 67 S.Ct. 1129, 91 L.Ed. 1375.

in the United States who had declared his intention of becoming a citizen.

On December 20, 1941, shortly after war was declared, Congress amended § 2 to make "every other male person [other than a citizen] residing in the United States" subject to registration,[3] and amended § 3-(a) to make "every other male person residing in the United States" liable for military service.[4] It provided, however, that any citizen of a neutral nation could be relieved of such liability by making proper application in accordance with regulations prescribed by the President, but that any person who made such application should thereafter be barred from becoming a citizen. It also provided, in § 5(a), 50 U.S.C.A.Appendix, § 305(a), that the President could specify other categories of aliens who would be exempt.[5] As a result of the authority delegated to him by the President,[6] the Director of Selective Service promulgated Regulation 611.13,[7] defining non-declarant aliens who are not residing in the United States, and Regulation 611.21,[8] providing for determination of non-residence upon filing application within three months after date of entry or after becoming liable for service. On June 27, 1945, this latter regulation was supplemented by regulation 611.21-1,[9] permitting application

---

[3] The government suggests that the substitution of "male person" for "male alien" may have resulted from the passage of the Nationality Act of 1940, 8 U.S.C.A. § 501 et seq., 54 Stat. 1137, which established a class of nationals who were neither aliens nor citizens.

[4] § 3(a) reads in part as follows: "Except as otherwise provided in this Act, every male citizen of the United States, and every other male person residing in the United States, who is between the age of eighteen and forty-five at the time fixed for his registration, shall be liable for training and service in the land or naval forces of the United States: *Provided*, That any citizen or subject of a neutral country shall be relieved from liability for training and service under this Act if, prior to his induction into the land or naval forces, he has made application to be relieved from such liability in the manner prescribed by and in accordance with the rules and regulations prescribed by the President, but any person who makes such application shall thereafter be debarred from becoming a citizen of the United States: * * *."

[5] § 5(a) reads in part as follows: "* * * * persons in other categories to be specified by the President, residing in the United States, who are not citizens of the United States, and who have not declared their intention to become citizens of the United States, shall not be required to be registered under section 2 and shall be relieved from liability for training and service under section 3(b)."

[6] 50 U.S.C.A.Appendix, § 310(b). Billings v. Truesdell, 321 U.S. 542, 552, 64 S.Ct. 737, 88 L.Ed. 917.

[7] Regulation 611.13 reads in part as follows: "*When a non-declarant alien is not residing in the United States*. (a) A male alien who is now in or hereafter enters the United States who has not declared his intention to become a citizen of the United States is not 'a male person residing in the United States' within the meaning of section 2 or section 3 of the Selective Training and Service Act of 1940, as amended; provided he has in his personal possession an official document issued pursuant to authorization of or described by the Director of Selective Service which identifies him as a person not required to present himself for and submit to registrations and provided: * * * (7) He has within the time prescribed and in the manner provided in § 611.21, filed with the local board with which he is registered, or if he is not registered, with the local board having jurisdiction over the area in which he is located, an Alien's Application for Determination of Residence (Form 304) and such application is either pending or has resulted in the issuance by the local board of an Alien's Certificate of Non-residence (Form 303) which has not expired, * * *."

[8] Regulation 611.21 reads in part as follows: "*What aliens may apply for a determination.* Any nondeclarant alien who has entered or who hereafter enters the United States * * * may file with his local draft board * * * an Alien's Application for Determination of Residence (Form 302); *Provided*, That such application is filed within three months after the date of his entry into the United States or within three months after persons of his age become liable for training and service by law, whichever is the later; *And provided further*, That such application is filed prior to induction * * *."

[9] Regulation 611.21-1 reads as follows: "*Application filed after three months.* Any alien who has not complied with the provisions of Section 611.21 or Section 611.26 may file an Alien's Application for

for a determination to be filed after three months.

■ It appears from the use of the phrase "every other male person residing in the United States," in both §§ 2 and 3-(a) of the amended Act, that Congress intended that everyone who was subject to registration should also be liable for service, unless he came within the categories specifically exempted by the Act. Congressional re-enactment of substantially the same phrase concerning residence in § 2, after it had been interpreted by the Attorney General, indicates Congressional approval of that interpretation.[10] It would follow, then, that since appellant was subject to registration under the Attorney General's interpretation, Congress intended him to be subject to registration under the amended Act. And if he was subject to registration he was also liable for service, unless (1) he applied for exemption as a neutral under § 3(a) or (2) came within the category of an alien non-resident as determined by the Director of Selective Service by Regulation 611.13, promulgated under the authority of § 5(a) of the Act.

■ Appellant was not within the definition of a non-resident alien under Regulation 611.13. That he did not come in that category was determined not only by his local board, but also by the Director himself, to whom authority was delegated by the President to determine who should be exempted under section 5(a) of the Act. The determination cannot have been made on the basis of his failure to file Form 302 within the prescribed time limit; for, when the determination was made, the three months' requirement had been removed. We think it not material that the determination was made after appellant had filed Form 301, for appellant's status as resident or non-resident was unaffected by the filing of that form. Furthermore, since the de-

termination of appellant's status by the Director of Selective Service does not appear to be without basis in fact, we are not empowered to review it.[11]

■ Appellant argues that Regulations 611.13 and 611.21 were invalid because the power delegated to the Director to determine non-residence was exercised arbitrarily and capriciously, and because there were no standards whereby an alien could determine his status under those regulations.[12] But assuming, arguendo, that the regulations were invalid, appellant would be in no better position. For then the Director, as the President's delegatee, would have failed to establish any exempt categories, as permitted by § 5(a) and, appellant under the terms of § 3(a) would still have been subject to service unless he claimed exemption as a neutral.

■ Whether these regulations were valid or invalid, therefore, appellant was not entitled to exemption from service under § 5(a). Congress gave him the alternative of obtaining exemption by filing Form 301, thus forfeiting any future opportunity to become a citizen. We see nothing unconstitutional in these provisions. We may assume, arguendo, that Congress lacks power to compel citizens of neutral countries to serve in our armed forces. But Congress did not attempt to exercise such power. It was clearly within the power of Congress to provide that, if such a person chose to take advantage of an exemption, he should thereafter be debarred from becoming a citizen. For the Supreme Court long ago stated that naturalization is a privilege which may be granted or withheld on whatever terms Congress may prescribe.[13]

■ We concur with the district court's holding that the disability placed upon appellant by signing Form 301 outlived the repeal of the Act. When Congress in 1945

---

Determination of Residence (Form 302) and an Alien's Personal History and Statement (Form 304) with a local board for transmittal to the Director of Selective Service for consideration."

[10] Lang v. Commissioner, 304 U.S. 264, 270, 58 S.Ct. 880, 82 L.Ed. 1331, 118 A.L.R. 319; Helvering v. R. J. Reynolds Tobacco Co., 306 U.S. 110, 115, 59 S.Ct. 423, 83 L.Ed. 536; Helvering v. Bliss,

293 U.S. 144, 151, 55 S.Ct. 17, 79 L.Ed. 246, 95 A.L.R. 207.

[11] United States v. Cox, 332 U.S. 442, 453, 68 S.Ct. 115; Estep v. United States, 327 U.S. 114, 123, 66 S.Ct. 52, 90 L.Ed. 414.

[12] Citing Ex parte Ghosh, D.C., 58 F. Supp. 851.

[13] United States v. Macintosh, 283 U.S. 605, 615, 51 S.Ct. 570, 75 L.Ed. 1302.

amended § 224(c) of the Immigration Act, to refer to those debarred from becoming a citizen under 50 U.S.C.A.Appendix, § 303(a), it made clear its intent in this matter.

Judgment affirmed.