

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN 11, TEXAS

**WILL WILSON**
**ATTORNEY GENERAL**

September 7, 1961

Honorable Robert S. Calvert
Comptroller of Public Accounts
Capitol Station
Austin, Texas

Opinion No. WW-1134

Re: Deductibility for inheri-
tance tax purposes of
administration expenses
incurred in connection
with the administration
of the entire general
community estate.

Dear Mr. Calvert:

You have requested that we advise you as to whether fees
of the executor, administrator, accountant, appraiser and probate
court costs should be allowed in full as a deduction for inheri-
tance tax purposes upon the death of the first spouse in those
cases in which there is an administration of all of the general
community estate.

All of the fees enumerated by you and the probate court
costs may properly be referred to as expenses of administration
and, except in certain circumstances which we will specifically
note, the same rules as to deductibility for inheritance tax pur-
poses will apply.

In many instances, with certain exceptions not pertinent
to your question,[1] the entire community estate, and not merely
the decedent's interest therein, is subject to administration
upon the death of either member of the community.  14-B Tex.Jur.
185, Decedent's Estates, Sec. 1126.  It so happens that the cases
we will hereafter discuss were concerned with fact situations in
which the husband predeceased the wife; however, the conclusions
we draw from these cases would be same if the wife dies first
and if the entire community estate is subjected to administration
at her death.

It has been held that the community property is generally
regarded as belonging to the estate of the deceased husband, subject
to administration by his executor and the payment of his or the
community debts.  Therefore, there can be no dismemberment of the

---

[1] For a discussion of various types of administration under the
Probate Code see "Community Property in the Administration of
Estates", 33 T.L.R. 1012 and "Probate Code Changes in Administra-
tion of Community Property", 34 T.L.R. 1012.

estate for administration purposes. <u>Lovejoy v. Cockrell</u>, 63 S.W.2d 1009 (Comm.App., 1933); <u>Tracy v. Lion Oil Co.</u>, 312 S.W.2d 562, (Civ.App. 1958, no writ history); <u>Goggans v. Simmons</u>, 319 S.W.2d 442 (Civ.App. 1959, error ref. n.r.e.).

Under Article 3630, V.C.S., as that article stood prior to the adoption of the Probate Code, it was provided that until partition of community property is applied for by the surviving spouse and made, "the executor or administrator of the deceased shall recover possession of all such common property and hold the same in trust for the benefit of the creditors and others entitled thereto."[2]

It has been stated that the fact that the community property is subject to the debts of the deceased husband and to administration by his executor may be regarded as an elementary principle under the laws of Texas. <u>Nesbitt v. First National Bank of San Angelo</u>, 108 S.W.2d 318, 320 (Civ.App., 1937, no writ history). See also Speer's <u>Law of Marital Rights in Texas</u>, 3rd Ed. 820, Sec. 657. Under the decision in <u>Jenkins v. First National Bank of Coleman</u>, 101 S.W.2d 845 (Civ.App. 1937, no writ history), the rule would be applicable not only to estates administered under the jurisdiction of probate courts but also to estates administered by independent executors.

In view of these principles, it has been held that where the entire community estate has been subjected to administration by the executor of a deceased husband, only one-half of the administration expenses was attributable to the decedent's portion of the estate and that, therefore, only one-half could be deducted in computing the Federal estate tax. <u>Lang's Estate v. Commissioner of Internal Revenue</u>, 97 F.2d 867, 872 (C.C.A. 9th, 1938); <u>Estate of Oscar Leavy</u>, 42 B.T.A. 991 (1940); <u>Schumacher v. Commissioner</u>, 8 T.Ct. 453 (1947). In the case last cited, only one-half of the attorney's fees paid for assistance in probate work were allowed as a deduction in determining the estate tax on his portion of the community property. Also allowed as a deduction were one-half of the payments for accounting services and one-half of the executor's fees.

We are in accord with the results reached in these decisions and think them applicable in determining allowable deductions for Texas inheritance taxes. However, in certain instances, even though the entire community estate is subject to administration, with the result that only one-half of the general expenses of the

---

[2] Article 3630 was omitted in the Probate Code, but partition may still be had. See 33 T.L.R. 1012, 1025.

administration are deductible from the decedent's one-half of the community property for inheritance tax purposes, where an attorney's fee is paid by the estate for services in connection with Federal and State [3] death taxes, we are of the opinion that such amount should be deductible in full since it is attributable entirely to the decedent's share of the community property. This was the result reached in Lang's Estate, supra.

Our holding on this point as to the deductibility of only one-half of the expenses of administration is limited to those instances in which the administration of both shares was necessary for the settlement of the affairs of the entire community, as for example where it was necessary to determine the amounts of community debts and liquidate assets to pay them. If the administration of the community is totally unnecessary except for the purpose of facilitating the computation and payment of Federal and State death taxes due by the estate of the decedent, we are of the opinion that the entire expenses of the administration should be allowed as a deduction. Succession of Helis, 75 So.2d 221 (La.Sup., 1954).

In those instances in which the decedent possessed separate property as well as community property, the expenses of administration should be apportioned between the separate and community property in accordance with the value of the decedent's estate in computing inheritance taxes. Re Coffee's Estate, 120 P.2d 661 (Cal.Sup. 1941). The Goggans case, supra, is a Texas case which has reached the same result as to apportioning administration expenses. We quote the following excerpt from page 446:

> "The other points relate to charging the community estate with the funeral expenses of the testator, and to charging the expenses of administration proportionately to the separate estate of the testator and community estate.
>
> "It seems to be the law that funeral expenses of a deceased spouse in a reasonable amount are primarily chargeable to the community estate. Goldberg v. Zellner, Tex.Com.App., 235 S.W. 870; Norwood v. Farmers & Merchants Nat. Bank of Abilene, Tex.Civ.App., 145 S.W.2d 1100, error refused; Richardson v. McCloskey, Tex. Com.App., 276 S.W. 680; Hocker v. Piper, Tex.Civ.App., 2 S.W.2d 997.

---

[3] Article 14.10, Ch. 14, Title 122A, 20-A Tax.-Gen , V.A.T.S., expressly provides that "attorney's fees and Court costs accruing in connection with the assessing and collecting of taxes provided for under this chapter. . ." shall be deductible.

"Nor do we perceive any error in
the action of the court in charging
expenses of administration propor-
tionately to the separate estate of
the deceased and the community es-
tate. Appellant inveighs against
the practice of administering on
the estates of living persons and
charging them with administration
expenses. The decisions, however,
seem to authorize what was done in
this case. 14-B Tex.Jur., p. 185,
sec. 1126; Huth v. Huth, Tex.Civ.
App., 187 S.W.523; Norwood v.
Farmers & Merchants Nat. Bank of
Abilene, supra; Lovejoy v. Cockrell,
Tex.Com.App., 63 S.W.2d 1009."

Article 14.10, supra, allows the full deduction of funeral
expenses. Other than this, the above stated rules of apportioning
expenses of administration would be determiniative of the amount
of allowable deductions for inheritance tax purposes.

## S U M M A R Y

Where the entire community estate is
subjected to administration, only one-half
of the general administration expenses are
attributable to the decedent's portion of
the estate. Therefore only one-half of
such expenses are deductible for inheri-
tance tax purposes. However, if adminis-
tration of the community is unnecessary
except for the purpose of facilitating
the computation and payment of Federal
and State death taxes, the entire ex-
penses of administration are deductible.
Attorney's fee paid by the estate for
services solely in connection with
Federal and State taxes are deductible
in full. If the decedent's estate is
composed of both separate and community
property, the expenses of administration
should be apportioned between the de-
cedent's separate and community property

in accordance with the value thereof
and the allowable deduction for inheri-
tance tax purposes computed in accordance
with such apportionment.

Very truly yours,

WILL WILSON
Attorney General of Texas

By /s/ Marietta McGregor Payne
Marietta McGregor Payne
Assistant

MMcGP:jp

APPROVED:

OPINION COMMITTEE:
W. V. Geppert, Chairman

W. E. Allen
Gordon C. Cass
Robert T. Lewis
F. C. Jack Goodman

REVIEWED FOR THE ATTORNEY GENERAL
By:  Howard W. Mays