CÁDIZ, PETICIONARIO Y APELADO, *v.* JIMÉNEZ, OPOSITORA Y APELANTE.

APELACIÓN procedente de la Corte de Distrito de Humacao en procedimiento sobre aprobación de informe de contador-partidor, intestado de Quintiliano Cádiz.

No. 2449.—Resuelto en diciembre 19, 1921.

BIENES GANANCIALES—PÓLIZA DE SEGURO SOBRE LA VIDA.—El importe de una póliza de seguro sobre la vida constituída por una persona casada a favor de sus hijos, no es un bien ganancial.

ID.—HEREDEROS—HERENCIA INTESTADA.—Aceptando, sin resolverlo, que dentro de la palabra ''hijos'' no puede considerarse comprendido el hijo natural reconocido al efecto de reputarlo beneficiario en una póliza de seguro constituída por su padre a favor ''de sus hijos,'' no siendo la viuda heredera de su esposo en este caso por haber ocurrido el fallecimiento intestado en 1908, será siempre necesario decidir que el hijo natural reconocido, único heredero declarado, es la persona con derecho al importe de la póliza.

Los hechos están expresados en la opinión.

Abogado del apelado: *Sr. M. Tous Soto.*

Abogado de la apelante: *Sr. F. González.*

EL JUEZ ASOCIADO SR. DEL TORO, emitió la opinión del tribunal.

Por segunda vez la distribución de la pequeña herencia dejada por Quintiliano Cádiz Mena es motivo de una apelación. En julio 10, 1919, esta corte revocó cierta orden dictada por la Corte de Distrito de Humacao y devolvió el caso para ulteriores procedimientos, *Cádiz v. Jiménez*, 27 D. P. R. 651. La corte de distrito pasó el asunto a un contador-partidor y éste, después de oir a las partes interesadas y practicar pruebas, rindió su informe, que, en lo pertinente, dice así:

"*Defunción del causante.*—Don Quintiliano Cádiz Mena, vecino que fué de Caguas, falleció en dicha ciudad el día dos de julio de mil novecientos ocho, estando casado con doña María Jiménez García, sin que en tal unión hubiere tenido descendencia y dejando un hijo natural reconocido nombrado Carlos Manuel Cádiz Ríos.

"*Herederos del finado.*—El señor Cádiz y Mena no otorgó testamento y por esa circunstancia y la fecha de su defunción, su herencia ha de regirse por las disposiciones del Código Civil Revisado sobre las herencias intestadas, bajo cuyas disposiciones el aquí peticionario don Carlos Manuel Cádiz y Ríos ha sido declarado por la Honorable Corte de Distrito de Humacao, único y universal heredero del finado don Quintiliano Cádiz y Mena, sin que haya lugar a derecho usufructuario alguno por parte· de la cónyuge superviviente.

"*Aportaciones matrimoniales.*—Doña María Jiménez y García, no aportó bienes de ninguna clase a su matrimonio; don Quintiliano Cádiz y Mena, según diversos títulos de propiedad, poseía algunos inmuebles y derechos en sociedad mercantil, a la fecha de su matrimonio, pero no se ha demostrado que lo producido por la venta de aquéllos, enajenados por él durante su matrimonio y las cantidades percibidas en dicha sociedad, hayan sido gastadas en beneficio de· la sociedad matrimonial. Por esa carencia de evidencia y la doctrina de la Honorable Corte Suprema en este caso, no se tendrá en cuenta dicha aportación en la liquidación del haber relicto a su fallecimiento.

"*Bienes hereditarios.*—Al fallecer don Quintiliano Cádiz Mena

era dueño de las dos fincas urbanas del pueblo de Aguas Buenas que más adelante se describirán, y a las cuales han asignado los interesados, de común acuerdo, un valor de un mil dollars.

"Disfruta esas casas desde la fecha del fallecimiento del causante, su esposa doña María Jiménez y García, la que liquidó dichas rentas en primero de mayo de mil novecientos diez y ocho, descontando lo invertido por ella en reparaciones, que el heredero aceptó haber sido necesarias, y de acuerdo con cuya liquidación, había en poder de aquélla *trescientos ochenta y ocho dollars con seis centavos.*

"Después de la fecha de esa liquidación continuó la señora Jiménez y García en el disfrute de las casas, dándolas en arrendamiento a don Ramón Valcourt, por canon de catorce dollars mensuales y obligación de realizar por su cuenta las reformas y reparaciones necesarias, continuando el señor Valcourt hasta la fecha en el arrendamiento así otorgado, cuya eficacia acepta el peticionario, si bien no intervino en su otorgamiento. A virtud de tal arrendamiento y pago consiguiente de su canon, existe en poder de la antes dicha señora, la cantidad de *cuatrocientos veinte dollars.*

"El causante había tomado una póliza de seguro de vida por cantidad de un mil dollars, desconociéndose la fecha de dicha póliza, la compañía en que la tomó, persona beneficiada por ella y demás circunstancias relacionadas con el documento, pero dentro de un convenio celebrado por las partes a los efectos de la partición, el peticionario reconoce que para sostener en vigor el expresado seguro se pagó por el finado la cantidad de treinta y cinco dollars con cincuenta y cinco centavos, durante cuatro años, o sea un total de ciento cuarenta y dos dollars con veinte centavos.

"El Comisionado acepta que ese dinero debe ser colacionado por el peticionario sólo por la estipulación en relación con la división, pues no tiene evidencia alguna sobre la certeza de tal pago, ni sobre la circunstancia de haberse efectuado con dinero de la sociedad de gananciales, dado que el causante tenía capital propio, ni sobre otros extremos, que no le han podido ser comunicados por la agencia de la compañía 'El Sol de Canadá' en que se dijo se había tomado la póliza y cuya información fué negativa sobre todos los extremos."

Bajo esos antecedentes se procedió a la formación del inventario que dió por resultado un valor total de $1,950.26, todos gananciales, dividiéndose éstos en dos partes iguales que se adjudicaron una a la viuda y otra al hijo natural reco-

nocido.  Los mil dólares de la póliza habían sido entregados directamente al hijo natural reconocido y no se trajeron a colación por entender el contador-partidor que eran de la exclusiva propiedad del hijo declarado único y universal heredero de su padre.  Sólo se trajeron a colación como gananciales $142.20 pagados por razón de premios de dicho seguro.  La corte de distrito aprobó el informe y la viuda doña María Jiménez interpuso el presente recurso de apelación.

Varias cuestiones se han suscitado por la parte apelante qué carecen de importancia.  La verdadera cuestión fundamental levantada es la de si los mil dólares de la póliza deben o no considerarse como bienes gananciales.

Para sostener la afirmativa la parte apelante no cita ley ni jurisprudencia aplicables, limitándose a invocar la opinión del comentarista Manresa, que dice así:

"La cantidad satisfecha por una compañía aseguradora al fallecimiento del asegurado, ¿debe considerarse ganancial? Este caso ha sido en Francia objeto de discusión desde el punto de vista de si debe considerarse como un bien mueble.  Es claro que muchos de los argumentos allí aducidos en pro o en contra, carecen en nuestra patria de razón de ser, por ser muy distinto el sistema legal que rige las relaciones matrimoniales entre los cónyuges.

"Desde luego, el capital del seguro sustituye a las primas que hay que pagar, y el derecho a aquél se adquiere desde el momento del contrato, pues desde él cabe la facultad de disponer, y si ocurre el fallecimiento puede exigirse el pago.  Se trata, pues, de una adquisición a título oneroso hecha durante el matrimonio, aunque el plazo señalado para el cumplimiento de la obligación sea el de la muerte de uno de los cónyuges, hecho que extingue la sociedad.  Así considerada la cuestión, puede decirse resuelta en los artículos 1396 y 1401; si las primas se pagan con el capital privativo del marido o de la mujer, el capital del seguro le pertenece privativamente; si se paga a costa del caudal común o no puede justificarse la procedencia del dinero, la adquisición es ganancial." 9 Manresa, Código Civil Español, 2da. edic., 589.

Grande es el respeto que merece a esta corte la opinión

del sabio civilista español, que es necesario reconocer además que es lógica en el punto concreto debatido, pero si se estudia a fondo la cuestión, se verá que está en pugna con los artículos 416 y 428 del Código de Comercio, cuerpo legal que regula el seguro de vida, por tratarse de un contrato mercantil.

Expresamente dice el segundo de los artículos citados que las cantidades que el asegurador deba entregar a la persona asegurada, en cumplimiento del contrato, serán propiedad de ésta, aún contra las reclamaciones de los herederos legítimos y acreedores de cualquier clase del que hubiere hecho el seguro a favor de aquélla.

¿Quién es el beneficiario en este caso? No se consignó en el informe, pero de la prueba practicada resulta que la póliza se extendió "a favor de los hijos" de Quintiliano Cádiz Mena.

Se sostiene por la parte apelante que dentro de la palabra "hijos" no puede comprenderse al hijo natural reconocido. Este caso no es enteramente igual al de *Díaz* v. *Porto Rico Railway, Light and Power Company*, 21 D. P. R. 78, pero aceptando, sin resolverlo, que así fuera, entonces nos encontraríamos frente a un caso en que necesariamente tendría que concluirse que el valor de la póliza correspondía a los herederos del finado y aquí el único heredero del finado lo era, según declaración expresa de la corte, hecha en el procedimiento adecuado, el hijo natural reconocido. El Sr. Cádiz murió el 2 de julio de 1908 sin otorgar testamento. La viuda en tal virtud no tenía el carácter de heredera. Véase el caso de *Julbe* v. *Guzmán*, 16 D. P. R. 530.

Se confirma la resolución apelada.

*Confirmada la resolución apelada.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf, Aldrey y Hutchison.