ERNESTO FERNANDO SCHLÜTER, haciendo negocios bajo el nombre de SCHLÜTER & Co., SUCR., demandante y apelante, *v.* LA SUCN. DE BENIGNO DÍAZ, demandada y apelada.

No. 5270.—*Sometido:* Enero 28, 1931. *Resuelto:* Marzo 3, 1931.

*Hugh R. Francis* y *M. Cruz Horta*, abogados del apelante; *A. L. López*, abogado de la apelada.

EL JUEZ ASOCIADO SEÑOR HUTCHISON, emitió la opinión del tribunal.

El demandante en una acción contra la Sucesión de Benigno Díaz apela de una resolución ordenando el levantamiento de un embargo trabado sobre dos pólizas de seguro de vida. Una de estas pólizas estaba a favor de Benigno Díaz, sus cesionarios y representantes legales. La otra estaba a favor de sus albaceas, administradores o cesionarios.

Podría admitirse que la corte de distrito cometió error, según alega el demandante, al resolver que el artículo 249 del Código de Enjuiciamiento Civil, según fué enmendado en 1928, (Leyes de ese año, página 224) "es claro y libre de ambigüedad".

■■■ Con anterioridad a la enmienda ese artículo leía en parte como sigue:

"Además del 'Homestead' declarado exento por la Ley del 'Homestead', las siguientes propiedades pertenecientes a una per-

sona que en realidad resida en esta Isla, estarán asimismo exentas de ejecución, excepto en los casos en que, por la presente, se dispone especialmente lo contrario:

\* \* \* \* \* \* \*

"9. Todo el dinero, beneficios, privilegios o inmunidades que acrecieren o de cualquier modo provengan de cualquier seguro de vida sobre la del deudor, hasta una suma representada por un premio anual que no exceda de $50.00, cincuenta dollars."

El inciso 9 ahora lee así:

"9. Todo el dinero, beneficios, privilegios o inmunidades que acrecieren o de cualquier modo provengan de cualquier seguro de vida sobre la del deudor, cuando el beneficiario fueren el cónyuge o el representante legal del asegurado, si el producto de la póliza ha de corresponder al cónyuge o heredero forzoso de tal deudor fallecido, y cuando no lo fueren, hasta una suma representada por un premio anual que no exceda de cincuenta (50) dólares."

Los demás motivos del recurso se reducen, por su argumentación, a la contención de que el título a una póliza de seguro pagadera a la orden del asegurado, o de sus albaceas y administradores, si no es transferido por el asegurado pasa al tiempo de su muerte a sus albaceas o administradores para beneficio de los acreedores. Interpretar en esa forma tal póliza destruiría por lo menos uno de los fines de la ley.

En esta Isla, a la muerte de un asegurado, el producto de una póliza de seguro de vida pagadera a sus albaceas, administradores o representantes legales (a falta de cualquier cuestión de traspaso, cesión o de cualquiera otra expresión de intención específica) pertenece, bien a sus herederos, o al cónyuge supérstite y los herederos, mas no a los albaceas, administradores o representantes legales del finado, ni a sus acreedores.

Al tiempo de la enmienda, el caso de una póliza pagadera a los herederos había sido plenamente cubierto por el artículo 428 del Código de Comercio. Véase *Del Val* v. *Del Val*, 29 Jurisprudencia Filipina 564.

A no ser por la exención estatutoria, el producido de una

póliza pagadera a los albaceas, administradores o representantes legales del asegurado, respondería de las deudas del difunto y estaría sujeto a embargo por sus acreedores. El propósito de la enmienda fué eximir de ejecución cualquier derecho, título o interés que pudieran tener el cónyuge supérstite o los herederos forzosos en el producto de una póliza pagadera al cónyuge o al representante legal del asegurado.

*Debe confirmarse la resolución apelada.*