CATALINA OLIVER DE RAMÍREZ, demandante y apelada, *v.* MIGUELINA OLIVER DE SANTONI, demandada y apelante.

Núm. 8030.—*Sometido:* Abril 23, 1940. *Resuelto:* Julio 26, 1940.

*Miguel Santoni* y *A. Cadilla Ginorio,* abogados de la apelante; *E. Pérez Casalduc,* abogado de la apelada.

EL JUEZ ASOCIADO SEÑOR WOLF emitió la opinión del tribunal.

Andrés Oliver Roses falleció intestado en Arecibo, Puerto Rico, el 22 de febrero de 1937. Dejó a su muerte a José Ramón, Manuel y Catalina Oliver Aresti, hijos de su primer matrimonio; a Miguelina Oliver Ledesma, hija de su segundo matrimonio; a Antonia Oliver Pérez, hija natural debidamente reconocida; y a su viuda Modesta de la Rosa, de quien no tuvo hijos. Todos fueron declarados herederos por la Corte de Distrito de Arecibo, mas la declaratoria decía:

"Como los herederos son tales desde el momento en que fallece el causante, la corte declara como herederos de Don Andrés Oliver Roses a sus hijos legítimos José Ramón, Manuel y Catalina Oliver Aresti; a la hija natural reconocida Antonia Oliver Pérez y a la hija legítima Miguelina Oliver Ledesma, así como a la viuda en la cuota usufructuaria que determina la ley.

"Es entendido para los efectos legales, que habiendo repudiado la herencia Miguelina Oliver Ledesma, quedan los restantes como los herederos y representantes del finado don Andrés Oliver Roses, en cuanto a los bienes relictos a su fallecimiento y obligaciones que puedan corresponder a la sucesión."

La repudiación de referencia aparece de la escritura pública número 12, otorgada ante el notario Armindo Cadilla

el 4 de marzo de 1937. La demandada apelante declaraba en dicha escritura:

"*Segundo:* Que no deseando ni queriendo aceptar la herencia de su dicho señor padre, ni ninguna participación que en ella tenga o tuviera, por causas y motivos que se reserva, la aquí compareciente doña Miguelina Oliver Ledesma, por la presente escritura renuncia y repudia tal herencia, y, en su consecuencia, deja los bienes que la compongan o integren a la disposición de cualesquiera otros herederos que resulten o sean de dicho difunto, en virtud de esta renuncia y repudiación, que verifica la compareciente."

Andrés Oliver tenía un seguro de vida por $22,152.55. La póliza era pagadera a sus "representantes legales". En los impresos de solicitud de seguro Oliver hacía constar que su parentesco con los beneficiarios era el de esposa e hijos.

La Sun Life Assurance Company of Canada, la aseguradora, expidió un cheque a nombre de la esposa e hijos de Oliver, incluyendo a Miguelina. Este pleito fué instado por Catalina Oliver, quien sostiene que Miguelina Oliver no puede cobrar bajo la póliza, toda vez que ella renunció a la misma al repudiar la herencia; que la póliza es pagadera a los representantes legales y que Miguelina Oliver no es un representante legal.

El artículo 338 del Código de Comercio provee:

"Las cantidades que el asegurador debe entregar a la persona asegurada, en cumplimiento del contrato, serán propiedad de ésta aun contra las reclamaciones de los herederos legítimos y acreedores de cualquiera clase del que hubiere hecho el seguro a favor de aquélla."

Este tribunal dijo, por voz del Juez Asociado Sr. Hutchison, en el caso de *Schliiter* v. *Díaz,* 41 D.P.R. 884, 886:

"En esta Isla, a la muerte de un asegurado, el producto de una póliza de seguro de vida pagadera a sus albaceas, administradores o representantes legales (a falta de cualquier cuestión de traspaso, cesión o de cualquiera otra expresión de intención específica) pertenece, bien a sus herederos, o al cónyuge supérstite y los herederos, mas no a los albaceas, administradores o representantes legales del finado, ni a sus acreedores."

Ya se ha resuelto que el contrato de seguro de vida no se rige por el Código Civil, sino por el Código de Comercio. *Cádiz* v. *Jiménez,* 30 D.P.R. 34; *Schlüter* v. *Díaz,* supra; *Espósito* v. *Guzmán,* 45 D.P.R. 796. En este último caso se dijo (pág. 801):

"De todo cuanto hemos podido examinar en relación con el contrato de seguro de vida, se deduce que fué regulado y se rige exclusivamente por el Código de Comercio, debiendo dárse validez a sus cláusulas tales como constan en la póliza en que se extiende. Siempre existe en él un beneficiario y es el beneficiario el llamado a disfrutar exclusivamente de la cantidad por la cual aseguró su vida a su favor la persona que constituyó la póliza, sin detenerse a considerar el origen del dinero con que se pagaron las primas. . . ."

Con estos antecedentes, es enteramente claro que aunque la póliza era pagadera a los "representantes legales", el producto de la póliza no era en manera alguna pagadero a la sucesión *(estate)* de Andrés Oliver. Al morir éste Miguelina Oliver de Santoni se convirtió no sólo nominalmente sino en realidad, a nuestro juicio, permanentemente en beneficiaria suya bajo la póliza. El uso de las palabras "representantes legales" fué una mera *descriptio personarum.* La única forma en que ella pudo haber perdido los derechos que había adquirido a la muerte de su finado padre hubiese sido si toda la póliza hubiera sido pagadera a la Sucesión Oliver y si se hubiera privado a todos los beneficiarios de su participación en beneficio de los acreedores y de otras personas.

Todas las partes en el caso sostienen que ninguna porción de la póliza es pagadera a los acreedores y eso es precisamente lo que dispone la ley. Por tanto, cuando Miguelina Oliver repudió su herencia, ella no renunció su derecho al beneficio de la póliza. Éste le correspondía por ser ella una de las representantes legales descritas en la póliza. La intención del asegurado fué que sus representantes legales percibieran el producto de la póliza, y, permítasenos repetir, que las palabras "representantes legales" fué la forma en que él designó las personas que habrían de recibir el beneficio

de la póliza. Que ésa fué su intención queda además evidenciado por el hecho de que en uno de los impresos de la póliza indicó que las personas que le sucederían serían su esposa e hijos.

Éste es un caso curioso toda vez que la aquí demandante trató de obligar a la demandada a pagar su participación en corte para que ésta fuera distribuída entre los otros beneficiarios designados en la póliza. No importa que Miguelina Oliver de Santoni optara por repudiar el activo de la herencia. Esta póliza no forma parte alguna del activo de la Sucesión.

*Debe revocarse la sentencia de la Corte de Distrito de Arecibo y declararse sin lugar la demanda.*

El Juez Asociado Sr. De Jesús no intervino.