CARMEN GOENAGA VIUDA DE PIZÁ, demandante y recurrente, *v.* SECRETARIO DE HACIENDA DE PUERTO RICO, demandado y recurrido.

*Número:* 287    *Resuelto:* 16 de octubre de 1962

*Leopoldo C. Delucca*, abogado de la recurrente; *J. B. Fernández Badillo*, Procurador General, *Carlos G. Látimer*, Procurador General Auxiliar y *Juan A. Faría*, abogados del recurrido.

Sala integrada por el Juez Asociado Señor Belaval como Presidente de Sala y los Jueces Asociados Señores Hernández Matos y Santana Becerra.

EL JUEZ ASOCIADO SEÑOR SANTANA BECERRA emitió la opinión del Tribunal.

El apartado (a) de la Sección 1 de la Ley 303 de 12 de abril de 1946 que impone contribuciones sobre herencias y donaciones, estatuye que es donación el monto de cualquier póliza ordinaria de vida o dotal cuando la persona que paga las primas sobre dicha póliza no es la misma que recibe el producto de la póliza cuando ésta se liquida. La Sección 15 (Art. 14 Ley 99 de 1925) dispone que la palabra "persona" se entenderá que incluye . . . tanto corporaciones como sociedades, asociaciones de todas clases y personas particulares . . . —13 L.P.R.A. (ed. 1962) secs. 881(a)-882.

El apartado (e) de la Sección 1 de la Ley 303 define "donación tributable" como el importe de la donación menos

el monto de las exenciones concedidas en la Sección 4. La Sección 4 estatuye que quedarán exentos de contribución ... (3) los primeros $10,000 del importe total del seguro ordinario de vida o dotal sobre la vida del asegurado, ... siempre que los beneficiarios sean el cónyuge supérstite y/o pariente en el primero o segundo grados de consanguinidad o afinidad.—13 L.P.R.A. (ed. 1962) secs. 881(e), 886.

A la muerte de su esposo ocurrida el 5 de noviembre de 1956 la recurrente obtuvo la cantidad de $49,000 como beneficiaria de pólizas de seguro de vida de éste. Pagó contribución de herencia y donaciones sobre dicha cantidad. Más tarde solicitó la devolución de $7,429 de la contribución pagada alegando que ella venía obligada a tributar solamente sobre la mitad del producto de las pólizas, $24,500, menos la exención de $10,000 que concede la ley, o sea sobre $14,500. Su contención es que ella pagó la mitad de las primas de dichas pólizas de seguro, y bajo la Sección antes transcrita solamente constituía *donación tributable* para ella la mitad del producto de las pólizas sobre las cuales ella no pagó las primas, menos la exención. La Sala sentenciadora declaró sin lugar su demanda, correctamente, porque la recurrente no tiene razón de pedir.

No hay prueba en los autos ante nos que indique que estas primas o alguna parte de ellas se pagaran con dinero privativo de la recurrente o que con su peculio ella hubiera asegurado la vida de su esposo en su beneficio. La Sala sentenciadora determinó como cuestión de hecho, que el esposo pagaba las primas *"presumiblemente"* con fondos de la sociedad conyugal. Asumiremos, en ausencia de prueba en el récord ante nos, que esa fue la situación. De manera que si prosperara la contención de la recurrente, necesariamente tendría que ser a base de que por ser ella cónyuge, el pago de las primas era con cargo a la sociedad legal de gananciales, lo cual daría a entender que se trataba de un bien adquirido para esa sociedad. Sin embargo, no lo con-

sideró así, ya que se adjudicó para su beneficio la totalidad del producto de las pólizas, según la prueba en autos, que fue excluido del haber antes de computarse sus gananciales. Si se parte del concepto ganancial del pago, lógicamente debía considerarse el concepto ganancial del producto. Veremos, no obstante, que el concepto ganancial del producto no sería determinativo en el problema planteado. ■

Siendo el hecho que las primas de seguro se pagarán con cargo a la sociedad legal de gananciales, de acuerdo con el estado de derecho creado bajo el artículo 338 del Código de Comercio (ed. 1932)—26 L.P.R.A. (ed. 1955) § 1291—el producto del seguro correspondía íntegramente a la recurrente como única beneficiaria, con independencia de condición de heredera forzosa y del cómputo ganancial. Cfr: *Cádiz* v. *Jiménez*, 30 D.P.R. 34, *Schluter* v. *Sucn. Díaz*, 41 D.P.R. 884; *Espósito* v. *Guzmán*, 45 D.P.R. 796; *Oliver* v. *Oliver*, 57 D.P.R. 491; *Asociación de Maestros* v. *Corte*, 66 D.P.R. 705, 709.([1]) ■

Estamos, no obstante, ante un problema contributivo que debe ser enfocado y resuelto a la luz del estatuto particular sobre la materia, según expresamos en *Wood* v. *Tribunal de Contribuciones*, 71 D.P.R. 233.([2]) Así, como beneficiaria de las pólizas de seguro, la recurrente vendría obligada a pagar contribución sobre la totalidad del producto que recibió de las mismas, bajo la Sección 1(a) de la Ley 303 sujeto a lo dispuesto en la Sección 4, con total abstracción del origen de la póliza. Sin embargo, la propia Sección 1(a) es-

---

([1]) El artículo 338 del Código de Comercio (ed. 1932) fue derogado por la Ley 77 de 19 de junio de 1957, efectiva enero 1, 1958,—26 L.P.R.A. págs. 2–3.

([2]) En este caso se trataba de una póliza de vida pagadera a *"The Estate of Lewis Robert Wood."* Fue pagada a la viuda como única heredera testamentaria. Ella invocó la exención de la Sección 4 de la Ley 303 y se le denegó porque en esas circunstancias ella no era la "beneficiaria" en la póliza, sino una heredera que recibió el importe de la misma por ser heredera y por haberse expedido la póliza a nombre del caudal— *"Estate"*—del causante. Este caso se distingue y no alteró el estado de derecho establecido bajo el Art. 338 del Código de Comercio.

tatuye que no es una donación, sujeta a las disposiciones del estatuto, el monto del seguro ordinario de vida si la persona que paga la prima es la misma que recibe el producto de la póliza. ■■■

Asumiendo que el esposo no pagó las primas con peculio privativo ¿podría decirse en derecho que en la persona del marido la recurrente pagara ella el todo o parte de las mismas a los efectos de la Sección 1(a) de la Ley 303, o en cualquier otro efecto? En primer lugar, no existe en nuestro régimen aquel concepto de la ley común de la unidad de persona entre los esposos por razón del matrimonio.(3) Por otra parte, es tradicional en nuestro ordenamiento civil el principio de la personalidad jurídica de la sociedad legal de gananciales por separada de la persona de cualesquiera de los cónyuges, que así se obliga, con el marido como su administrador y representante legal. —Arts. 91, 93, 101, 1295, 1296, 1301, 1308, 1312, 1313, 1315, Cód. Civil, ed. 1930. Huelga repetir la cita de nuestra jurisprudencia. Y véase: *Berrocal v. Tribunal de Distrito*, 76 D.P.R. 38. De modo que no encuentra sitio en nuestra doctrina la tesis de que los gastos en que cotidianamente hubiere incurrido la sociedad conyugal durante su existencia, en ley se hubieren estado incurriendo personalmente por cada uno de los cónyuges, de por mitad o en proporción alguna. Marido y mujer están en tal sentido en situación similar a la de los socios bajo el contrato

---

(3) En *Serrano v. González*, 68 D.P.R. 623, una acción de la mujer contra el marido por daños, expresó el Juez Sr. De Jesús: "Como dice Manresa, hoy nadie puede alegar seriamente la unidad de persona en el matrimonio, pues no hay precepto alguno en el Código Civil, ni en ninguna otra ley, de donde pueda derivarse ese principio. [cita] Con menos razón puede alegarse la unidad de persona bajo nuestro Código Civil, el cual ha eliminado muchas de las incapacidades de la mujer consignadas en el Código Civil Español."

Manresa comentaba ahí el Art. 1458 español igual al 1347 nuestro, ed. 1930, que impide a marido y mujer venderse bienes recíprocamente. En otra ocasión, refiriéndose ya al régimen familiar, comenta que marido y mujer son dos seres que se complementan, *pero que no se sustituyen.* Tomo 10, 5ta. ed., pág. 121; Tomo 1, 7ma. ed., pág. 467.

de sociedad. Art. 1298. Lo que se distribuye entre los cónyuges al liquidarse la sociedad es su haber cuando lo hubiere, no sus costos o gastos en que durante su existencia hubiere incurrido, excepto en aquellos casos específicos en que la ley dispone de otro modo como señalan los Arts. 1310 y 1317. De ordinario, y a no ser por el imperio del Art. 338 del Código de Comercio que como sostuvimos en *Cádiz*, suplantó la doctrina civil aplicable, estas pólizas adquiridas con cargo a la sociedad conyugal hubieran tenido también el concepto de ganancial al liquidarse las mismas. En tal caso, sólo una mitad habría ido al caudal tributable, pero por otro lado sólo una mitad habría correspondido a la recurrente. Indudablemente el Legislador dispuso en las Secciones 1(a) y 4 de la Ley 303 con conocimiento de nuestro particular estado de derecho, posiblemente distinto al de otras jurisdicciones. Bajo la definición de "persona" que hizo, obviamente cae la sociedad legal de gananciales.

El caso de *Lang* v. *Commissioner*, 304 U.S. 264, en que se ampara la recurrente, no es aquí decisivo. El problema en él planteado (nos limitaremos a la viuda), era si el todo o alguna parte del producto de una póliza, habiéndose pagado las primas con fondos de la comunidad de bienes conyugal debía considerarse como parte del caudal bruto del causante. Ese problema no está aquí envuelto, que como hemos visto la totalidad del seguro se excluyó de la herencia, bajo nuestro derecho aplicable. La Sección 302(g) de la Ley de Rentas Federal de 1926 ordenaba incluir en el caudal bruto *"estate"* de un fallecido la cantidad recibida por el administrador en concepto de seguro bajo pólizas *obtenidas por el causante* sobre su vida; así como lo recibido en igual concepto por cualquier otro beneficiario en exceso de $40,000. Por reglamentación administrativa se dispuso que se entendería el seguro *obtenido por el causante* cuando el propio causante pagara todas las primas directa o indirectamente, hiciere o no él la solicitud. No se entendería el seguro *obtenido*

*por el causante* cuando todas las primas se pagaren por el beneficiario, aunque aquél hiciere la solicitud. En el caso en que parte de las primas la pagare el beneficiario y el remanente el *causante*, se establecía la proporción adecuada a los efectos de la inclusión del seguro en el caudal bruto. (Reglamento de Tesorería Núm. 70, Art. 25.) (⁴)

Aceptando la conclusión de la corte inferior al efecto de que en el Estado de Washington la comunidad de bienes conyugal es una entidad separada y que seguro de vida adquirido con fondos de la misma constituía propiedad de la comunidad, *carácter éste que el marido no podía derrotar mediante un cambio de beneficiario*, el Tribunal Supremo determinó que la esposa había pagado la mitad de las primas, excepto algunas pólizas cuyas primas no se pagaron totalmente con fondos de la comunidad; y a los efectos de la reglamentación administrativa mencionada, falló que la mitad del producto no debía formar parte del caudal. Indudablemente la decisión de *Lang* responde a unos criterios de derecho en el Estado de Washington en torno a los poderes del marido como administrador de la comunidad que no es la ley entre nosotros. Esos criterios aparecen ampliamente expuestos y discutidos en *Occidental Life Ins. Co.* v. *Powers*, 192 Wash. 475, 74 P.2d 27, un caso no contributivo. Se sostuvo que un marido que había obtenido con cargo a la comunidad conyugal pólizas de seguro de vida para beneficio de su esposa, dichas pólizas eran propiedad de la comunidad, y él no podía sustituirla a ella como beneficiaria sin su consentimiento, aun cuando el contrato de seguro permitiera la sustitución, bajo la doctrina de que tal sustitución constituía

---

(⁴) La cuestión básica planteada en el caso de *Lang*, se capta mejor en 34 B.T.A., pág. 339:—"El peticionario, sin embargo, sostiene que, bajo los artículos 25 y 28 del Reglamento 70 (edición 1929), y las leyes sobre comunidad de bienes del Estado de Washington, una parte proporcional del producto o valor de dichas pólizas, correspondiendo a la parte de las primas pagadas con fondos de la comunidad, constituye propiedad de la comunidad, y una mitad del mismo debería excluirse del caudal bruto del causante porque constituye la propiedad de la esposa y no del fallecido."

un regalo o disposición de los bienes comunales a favor del nuevo beneficiario. Washington le ha negado al marido tal facultad, sosteniendo que si bien él es el administrador de la sociedad conyugal, puede disponer de sus bienes (aquí se trataba de bienes muebles) sólo y siempre y cuando que redunde en beneficio de la propia comunidad. No es necesario argüir que bajo nuestra ley positiva y a la luz de nuestra jurisprudencia aquí existen criterios distintos.([5]) ▬

Aparte de cualesquiera otras consideraciones envueltas, la decisión de *Lang* responde fundamentalmente al hecho de que aquellas pólizas de seguro adquiridas por el esposo con cargo a la comunidad de bienes conyugal eran gananciales. Como consecuencia solo la mitad del producto formaba parte del caudal del esposo objeto de transferencia por razón de su muerte. En *Lang* no entraba en juego una disposición como la del Art. 338 del Código de Comercio que tal como la hemos aplicado excluye de las disposiciones hereditarias el producto del seguro de vida, que no tiene concepto ganancial, aunque las primas se hubieren pagado con fondos de la sociedad de gananciales. El concepto ganancial del pago no surte en nuestro caso el efecto decisivo sobre el seguro que tuvo en *Lang* y ha tenido en el Estado de Washington. A la luz de lo anteriormente expuesto ella recibió una donación tributable por el monto total del seguro, bajo la Sección 1(a) de la Ley 303.

*Se confirmará la sentencia objeto de este recurso.*

---

([5]) Véase la discusión del problema en *Jacob K. Newman et al., Executors,* 29 B.T.A. 53, confirmado en *Newman* v. *Commissioner,* 76 F.2d 449, decisiones éstas que el Tribunal Supremo se negó a revisar en 296 U.S. 600. Cfr. *United States* v. *Stewart,* 270 F.2d 894, *certiorari* denegado, 361 U.S. 960. *Anotación* 73 A.L.R.2d 226, et seq; 118 A.L.R. 324. Los casos demuestran que en el tratamiento del problema ha jugado papel importante el hecho de si bajo la póliza el cónyuge asegurado se reservó o no el derecho de sustituir en vida al cónyuge beneficiario por otra persona, en lo que al evento tributable respecta.