ANA C. ROSARIO VDA. DE MÉNDEZ, peticionaria, *v.* TRIBUNAL SUPERIOR, SALA DE PONCE, HON. ANTONIO J. MATTA, JUEZ, demandado.

*Número:* O-73-12     *Resuelto:* 27 de septiembre de 1974

*Antonio V. Santiago,* abogado de la peticionaria.

EL JUEZ ASOCIADO SEÑOR DÍAZ CRUZ emitió la opinión del Tribunal.

Un empleado público acogido al sistema de seguro de la Asociación de Empleados del Estado Libre Asociado de Puerto Rico falleció sin haber hecho designación de beneficiario para su seguro de vida. Fueron declarados sus herederos cuatro hijos, tres de los cuales se procrearon en su matrimonio con la peticionaria. A falta de beneficiario designado, la Asociación

consignó en el Tribunal Superior, la suma de $8,994.00, importe del seguro de vida. La distribución de esta suma entre los sucesores del empleado gubernamental, y a tales fines la determinación de la naturaleza ganancial o privativa de la misma, constituye la cuestión a resolver.

■ Este seguro de servidores públicos está regulado por la ley creadora de la Asociación de Empleados del Estado Libre Asociado que es la Núm. 133 de 28 de junio de 1966 (3 L.P.R.A. secs. 862 y ss.) que entre otras facultades confirió a dicha entidad la de establecer un plan de seguro por muerte para beneficio de los funcionarios y empleados del gobierno de Puerto Rico. Queda por tanto fuera del ámbito del Código de Seguros que dispone: *"Organismos excluidos . . .* este título [Código de Seguros de Puerto Rico—26 L.P.R.A. secs. 101 y ss.] no cubrirá ni determinará la existencia de operaciones, contratos, ni funcionarios, directores ni representantes de todo organismo hasta donde sus actividades relacionadas con seguros estuvieren prescritas o permitidas por otra ley expresamente votada al efecto. . . ." 26 L.P.R.A. sec. 107.

Dicho seguro de vida gubernamental se sufraga con cuotas descontadas de los salarios del servidor público a razón de $6.00 mensuales para los que se acojan a la primera categoría y $3.00 mensuales para los que opten por la segunda. (3 L.P.R.A. sec. 862(o) y (p).) A clara vista el empleado casado bajo el régimen de sociedad de gananciales establecido en el Código Civil compra un seguro para sus sucesores, el que paga en plazos mensuales con fondos pertenecientes a la sociedad, pues así están clasificados los salarios o sueldos afirmativamente en el Art. 1301(2) del Código Civil (31 L.P.R.A. sec. 3641(2), y por exclusión en el Art. 1299 (31 L.P.R.A. sec. 3631).

Descansa la opinión disidente sobre la falsa premisa de que proveyendo la ley de la Asociación de Empleados del Estado Libre Asociado en su Sec. 14 para la tramitación de declaratoria de herederos en caso de no haber beneficiario

designado, y repitiendo luego el vocablo "herederos" al declarar estos beneficios exentos de embargo o ejecución (3 L.P.R.A. sec. 863c), coloca estos fondos bajo la clasificación de "seguro de vida", a pesar de que la letra clara del Código de Seguros de Puerto Rico excluye de su ámbito el de la Asociación de Empleados (26 L.P.R.A. sec. 107).

La instancia sobre declaratoria de herederos[1] no fija ni altera el carácter ganancial o privativo de los bienes. Lo que sí imparte naturaleza al bien es su adquisición onerosa con fondos gananciales. Así lo ha expresado Manresa:

"*Seguros sobre la vida.*—La cantidad satisfecha por una compañía aseguradora al fallecimiento del asegurado, ¿ debe considerarse ganancial? Este caso ha sido en Francia objeto de discusión desde el punto de vista de si debe considerarse como un bien mueble. Es claro que muchos de los argumentos allí aducidos en pro o en contra carecen en nuestra patria de razón de ser, por ser muy distinto el sistema legal que rige las relaciones patrimoniales entre los cónyuges.

Desde luego, el capital del seguro sustituye a las primas que hay que pagar, y el derecho a aquél se adquiere desde el momento del contrato, pues desde él cabe la facultad de disponer, y si ocurre el fallecimiento puede exigirse el pago. Se trata, pues, de una adquisición a título oneroso hecha durante el matrimonio, aunque el plazo señalado para el cumplimiento de la obligación sea el de la muerte de uno de los cónyuges, hecho que extingue la sociedad. Así considerada la cuestión, puede decirse resuelta en los artículos 1.396 y 1.401. Si las primas se pagan con el capital privativo del marido o de la mujer, el capital del seguro le pertenece privativamente. Si se paga a costa del caudal común o no puede justificarse la procedencia del dinero, la adquisición es ganancial." Manresa, *Comentarios al Código Civil Español*, Tomo IX, págs. 689–690, Sexta Ed., Madrid 1969.

Con gran respeto se citó por este Tribunal el criterio de este ilustre comentarista en *Cádiz* v. *Jiménez*, 30 D.P.R. 34, 37

---

[1] El trámite de declaratoria de herederos siempre es necesario porque los hijos concurren con la madre aun cuando los beneficios sean gananciales.

(1921), y si no fue seguido se debió a que para aquella época reglaban el contrato de seguro de vida en Puerto Rico los Arts. 416 y 428 ([2]) del Código de Comercio posteriormente derogados por el Art. 41.010 del Código de Seguros (26 L.P.R.A. sec. 101 (historial)). La aprobación del Código de Seguros transfirió a *Cádiz* a nuestro acervo de derecho histórico.

En el caso que nos ocupa el empleado fallecido no hizo designación de beneficiario en favor de persona alguna. ([3]) No mostró preferencia particular por una forma de distribuir su seguro de vida, a su alcance por el simple medio de llenar un impreso (3 L.P.R.A. sec. 862m), por lo que no expresó su deseo ni propósito de disminuir ni mucho menos eliminar la participación de su cónyuge en dicho seguro. En ausencia de provisión en la ley especial (Ley estableciendo la Asociación de Empleados del Estado Libre Asociado, citada) en cuanto al método de distribución de este seguro inconcluso que como hemos visto está excluido de regulación por el Código de Seguros de Puerto Rico (26 L.P.R.A. secs. 101 y ss.) hemos de recurrir al Código Civil como derecho supletorio, por así disponerlo su Art. 12 que citamos: "En las materias que se rijan por leyes especiales, la deficiencia de éstas se suplirá por las disposiciones de este título." (31 L.P.R.A. sec. 12.) Y el derecho supletorio no es otro que el declarado en el Art. 1301 del Código Civil (31 L.P.R.A. sec. 3641) donde se expresa:

---

([2]) Dicho Art. 428 (sec. 7987, Est. Rev. 1911) disponía: "Las cantidades que el asegurador debe entregar a la persona asegurada, en cumplimiento del contrato, serán propiedad de ésta, aun contra las reclamaciones de los herederos legítimos y acreedores de cualquiera clase del que hubiere hecho el seguro a favor de aquélla." A diferencia del actual Código de Seguros, no hacía excepción en favor de sistemas de seguros regulados por legislación especial como éste de empleados públicos.

([3]) No es necesario resolver ahora cómo ha de distribuirse el seguro de vida de un empleado que ha designado beneficiario, cuestión al presente reglada por la Sec. 14 de la Ley Núm. 133 de 28 de junio de 1966, enmendada (3 L.P.R.A. sec. 862m).

"Son bienes gananciales:

(1) Los adquiridos por título oneroso durante el matrimonio a costa del caudal común, bien se haga la adquisición para la comunidad, bien para uno solo de los esposos.

(2) Los obtenidos por la industria, sueldo o trabajo de los cónyuges o de cualquiera de ellos.

(3) Los frutos, rentas o intereses percibidos o devengados durante el matrimonio, procedentes de los bienes comunes o de los peculiares de cada uno de los cónyuges." Art. 1301 del Código Civil.

■ Tratándose de un bien adquirido por el marido mediante la inversión de fondos gananciales, sin que haya en la voluntad del comprador del seguro ni en ningún otro factor relevante germen de impugnación a la presunción de ganancialidad enunciada por el Art. 1307 del Código Civil (31 L.P.R.A. sec. 3647), debe considerarse el importe de esta póliza como parte del caudal de la sociedad de gananciales extinguida por muerte del asegurado y bajo esa premisa procederse a su distribución. *Rivera* v. *Rodríguez*, 93 D.P.R. 21 (1966); *Maldonado* v. *Tribunal Superior*, 100 D.P.R. 370 (1972).

*Se dictará sentencia dejando sin efecto la resolución del Tribunal Superior, Sala de Ponce, de fecha 21 de noviembre de 1972, y ha de devolverse el caso al tribunal de instancia para ulteriores procedimientos consistentes con esta opinión.*

El Juez Asociado, Señor Dávila, emitió opinión disidente en la cual concurren los Jueces Asociados, Señores Torres Rigual y Martín. El Juez Asociado, Señor Martín, emitió opinión disidente en la cual concurren los Jueces Asociados, Señores Dávila y Torres Rigual.

—O—

Opinión disidente emitida por el Juez Asociado Señor Dávila con la cual concurren los Jueces Asociados Señores Torres Rigual y Martín.

San Juan, Puerto Rico, a 27 de septiembre de 1974

No comparto el criterio de la mayoría. Soy de opinión que la disposición que trata sobre los "beneficiarios" en la Ley de la Asociación de Empleados del Estado Libre Asociado de Puerto Rico (3 L.P.R.A. 862m suplemento 1973), resuelve la cuestión planteada en el presente recurso. Sus disposiciones son claras. Dispone así:

"Los asegurados deberán cumplimentar el impreso de Designación de Beneficiarios que proveerá la Asociación, haciendo constar el nombre de la persona o personas a quienes corresponda recibir los beneficios del seguro en caso de muerte del asegurado.

En el caso del fallecimiento de un asegurado que no haya cumplimentado la designación de beneficiarios, el Secretario de Justicia ordenará al funcionario correspondiente para que proceda a tramitar el expediente de declaratoria de herederos sin cargo alguno, para serle remitido a la Junta de Directores a la mayor brevedad posible. Esta clase de expedientes se tramitarán por las cortes con toda urgencia sin necesidad de incluirlos en el calendario especial. Toda la tramitación de estos expedientes hasta su terminación y la expedición de certificaciones de los mismos, se harán libres de derecho de clase alguna."

En el caso de que el asegurado no designe beneficiario, el producto de la póliza pasa a los herederos. No cabe sostener que es ganancial. Que no es ganancial lo demuestra el que si hubiera sido designado un extraño como beneficiario, la viuda no tendría derecho alguno al producto de la póliza. Sólo en caso de que no hubiere designación de beneficiario es que la viuda tiene participación en el producto de la póliza, como heredera en la cuota usufructuaria que le asigna el Código. El dictamen del Tribunal trae como consecuencia que si un asegurado designa beneficiario el producto de la póliza es privativo, pero si no lo hace se convierte en ganancial. No me parece que esto sea correcto.

—o—

Opinión disidente emitida por el Juez Asociado Señor Martín
con la cual concurren los Jueces Asociados Señores Dávila
y Torres Rigual.

San Juan, Puerto Rico, a 27 de septiembre de 1974

Debemos resolver si la viuda de un asegurado bajo el plan
de seguro de vida de la Asociación de Empleados del Estado
Libre Asociado de Puerto Rico tiene alguna participación en
el producto de dicho seguro a la muerte del asegurado, en el
caso de que el asegurado no hubiere hecho designación de
beneficiario.

El seguro de vida objeto de este caso fue establecido ori-
ginalmente por virtud de la Ley Núm. 52 de 11 de julio de
1921, 3 L.P.R.A. (ed. 1965) secs. 831 *et seq.*, según subsi-
guientemente enmendada, que creó la "Asociación, Fondo de
Ahorro y Préstamo de los Empleados del Gobierno Insular de
Puerto Rico." Posteriormente la mencionada ley fue susti-
tuida por la Ley de la Asociación de Empleados del Estado
Libre Asociado de Puerto Rico que es la Núm. 133 de 28 de
junio de 1966, 3 L.P.R.A. (Supl. Acum. 1973) secs. 862 *et
seq.*, según ésta ha sido subsiguientemente enmendada. Ambas
leyes facultan a sus organismos rectores para reglamentar y
tomar los acuerdos y adoptar las resoluciones indispensables
para lograr sus fines, entre los que se incluye el establecimiento
de un plan de seguros para sus socios. 3 L.P.R.A. (ed. 1965)
sec. 850; 3 L.P.R.A. (Supl. Acum. 1973) sec. 862b. Dichas
dos leyes contienen disposiciones similares con respecto a la
designación de beneficiarios por el asegurado así como la
forma y manera de efectuar el pago del producto de la póliza,
concediendo al asegurado la libertad de seleccionar su benefi-
ciario o beneficiarios. 3 L.P.R.A. (Supl. Acum. 1973) sec.
862m; *cfr.* Código de Comercio, 1886. Al efecto la ley original

de la Asociación de Empleados, o sea, la Núm. 52 de 1921 disponía en lo que es aquí pertinente que:

". . . en caso de muerte de un empleado la cantidad que le corresponda por concepto de seguro, será entregada a sus beneficiarios designados como tales por el causante, siendo obligación de los empleados . . . hacer bajo juramento, en el impreso que al efecto deberá ser facilitado por la Junta de Directores, dicha declaración de beneficiarios, especificando el nombre de la persona o personas a quienes corresponda en caso de muerte del empleado asociado, recibir los beneficios del seguro . . . ." 3 L.P.R.A. (Ed. 1965) sec. 833.

La citada disposición fue refraseada en la nueva ley, o sea, la Núm. 133 de 1966, manteniendo la libertad de designación del beneficiario, en la forma siguiente:

"Los asegurados deberán cumplimentar el impreso de Designación de Beneficiarios que proveerá la Asociación, haciendo constar el nombre de la persona o personas a quienes corresponda recibir los beneficios del seguro en caso de muerte del asegurado." 3 L.P.R.A. (Supl. Acum. 1973) sec. 862m.

En el evento de que el asegurado omita hacer la designación de beneficiario conforme a la citada disposición legal, se procederá, a su muerte a la tramitación de la declaratoria de herederos conforme lo requiere la siguiente disposición de la Ley de Empleados de la Asociación existente desde el 1921:

". . . disponiéndose, además, que en caso de que el empleado falleciere sin haber designado sus beneficiarios, el Secretario de Justicia de Puerto Rico ordenará al funcionario judicial correspondiente para que proceda a tramitar el expediente de declaratoria de herederos . . . ." 3 L.P.R.A. (Ed. 1965) sec. 833; 3 L.P.R.A. (Supl. Acum. 1973) sec. 862m.

La única finalidad de la tramitación de la declaratoria de herederos es la distribución del producto de la póliza entre aquellos que sean herederos. Tal trámite es el que dispone la ley para declarar quiénes son las personas con derecho a la herencia en la sucesión intestada. 32 L.P.R.A. sec. 2301; 31 L.P.R.A. secs. 2592, 2641 *et seq.* Y, es claro

que el cónyuge viudo es heredero únicamente con respecto a la cuota usufructuaria viudal, 31 L.P.R.A. secs. 2411 *et seq.*, excepto cuando no hubiere hermanos y sobrinos, hijos de éstos, sean o no de doble vínculo, en cuyo caso el cónyuge viudo sucede en todos los bienes del difunto. 32 L.P.R.A. sec. 2677.

Dichas dos leyes de la Asociación de Empleados contienen además disposiciones que protegen el producto del seguro perteneciente a los beneficiarios o herederos legales contra cualquier reclamación eximiéndolo de embargo o ejecución, a saber:

"Toda cantidad que por cualquier concepto pertenezca o haya de entregarse a cualquiera de los empleados con derecho a los beneficios de las secs. 831 a 859 de este título, o a sus beneficiarios o herederos legales, en su caso, se declara por la presente totalmente *exenta de impuestos, embargo o ejecución, . . . ."* (Énfasis suplido.) 3 L.P.R.A. (Ed. 1965) sec. 857; véase disposición equivalente en 3 L.P.R.A. (Supl. Acum. 1973) sec. 863c.

Nótese la intención expresada por el legislador al efecto de que el producto del seguro habrá de entregarse a los herederos legales en ausencia de beneficiarios al disponer que se entregará "a sus beneficiarios o herederos legales, en su caso." Esta expresión reafirma la intención que revela el "disponiéndose" citado anteriormente en el sentido de que en ausencia de beneficiarios se procederá a la tramitación de la declaratoria de herederos.

Las disposiciones básicas de las leyes de la Asociación de Empleados que reglamentan el seguro de vida que ofrece dicho organismo y que hemos transcrito precedentemente son muy similares a las leyes que reglamentan el seguro de vida en general que se transcriben en el curso de esta opinión. Véase Código de Comercio de 1886, Arts. 416 *et seq.; Id.* Ed. 1932, Arts. 328 *et seq.,* 26 L.P.R.A. (ed. 1955) secs. 1281 *et seq.;* Código de Seguros de Puerto Rico, 26 L.P.R.A. secs. 101 *et seq.*

Desde el 1886 en que empezó a regir nuestro Código de Comercio, el beneficiario de una póliza de seguro de vida

tiene derecho al producto de la póliza a la muerte del asegurado, aun contra las reclamaciones de los herederos legítimos y acreedores de cualquiera clase. (¹) El texto de la disposición que tal derecho concedía era similar tanto en el Código de Comercio de 1886 como en la edición de 1932, al expresar:

"Las cantidades que el asegurador debe entregar a la persona asegurada, en cumplimiento del contrato, serán propiedad de ésta aun contra las reclamaciones de los herederos legítimos y acreedores de cualquiera clase del que hubiere hecho el seguro a favor de aquélla. (²)

En vista de la citada expresión legislativa este Tribunal ha dicho en el pasado que el contrato de seguro de vida está regido exclusivamente por el Código de Comercio el que establece las condiciones del contrato de seguro, las relaciones de las partes y el destino que debe darse al producto de la póliza. Así dijimos en *Espósito* v. *Guzmán*, 45 D.P.R. 796, 801 (1933), que no habiéndose designado específicamente los beneficiarios debe entenderse, de acuerdo con el contrato de seguros, que éstos son los herederos; y concluimos además que el producto de la póliza no pertenece a la testamentaría del finado sino al beneficiario. (³) Y, agregamos que cuando los herederos son los beneficiarios el producto se distribuye entre ellos de acuerdo con la ley, aunque el asegurado sea casado, ya que si el producto no tiene la condición de ganancial cuando

---

(¹) Código de Comercio, 1886, Art. 428; *Id.* Ed. 1932, Art. 338, 26 L.P.R.A. (ed. 1955) sec. 1291. Igual disposición encontramos en el Art. 428 del Código de Comercio Español. Véase Gay Montellá, *Código de Comercio Español Comentado*, Ed. Bosch, 1936, págs. 400–402.

(²) *Id.*

(³) Véanse *Oliver* v. *Oliver*, 57 D.P.R. 491, 494 (1940); *Asociación de Maestros* v. *Corte*, 66 D.P.R. 705 (1946). En el estado de Louisiana se ha establecido firmemente la doctrina de que el producto de una póliza de seguro de vida no forma parte del haber hereditario del asegurado, por haber pasado a ser propiedad del beneficiario conforme a los términos de la propia póliza. La. Act 88 of 1916; *Succession of Hearing*, 26 La. Ann. 326 (1874); *Vinson* v. *Vinson*, 105 La. 30, 29 So. 701 (1901), *Succession of Emonot*, 109 La. 359, 33 So. 368 (1902).

le pertenece a los beneficiarios, tampoco la tiene cuando se trata de los herederos. También resolvimos en *Cádiz* v. *Jiménez*, 30 D.P.R. 34, 37 (1922), que una póliza constituida por el esposo a favor de sus hijos no es un bien ganancial.

En *Cádiz*, supra, reconocimos el derecho de un hijo natural reconocido *vis a vis* el derecho de la viuda a la luz de las disposiciones del Art. 1301 del Código Civil de 1930 .(31 L.P.R.A. sec. 3641) que reconoce el carácter de gananciales a los bienes "adquiridos por título oneroso durante el matrimonio a costa del caudal común, bien se haga la adquisición para la comunidad, bien para uno solo de los esposos." Discrepamos allí del criterio del insigne civilista español Manresa que asume la posición de que el capital del seguro sustituye a las primas que hay que pagar, y que el derecho a aquél se adquiere desde el momento del contrato, por lo que concluye el tratadista que se trata de una adquisición onerosa hecha durante el matrimonio la que ha de reputarse ganancial si se paga a costa del caudal común o si no se justifica la procedencia del dinero. Resolvimos entonces que tratándose el seguro de un contrato mercantil éste se regía por los artículos 416 y 428 del Código de Comercio de 1886, (⁴) y no por el Código Civil.

En *Espósito*, supra, expresamos que nuestra solución parecía estar en pugna con el propósito fundamental en que se inspira la sociedad de gananciales; pero que habiendo el legislador autorizado la celebración de un contrato especial sin trabas de ninguna especie—refiriéndonos a las disposiciones regulatorias del Código de Comercio—no podíamos ir en contra de ello, a menos que se demostrara un propósito fraudulento contrario a los fines de la propia ley.

El Código de Seguros de Puerto Rico, 26 L.P.R.A. secs. 101 *et seq.*, Ley Núm. 77 de 19 de junio de 1957, sustituyó al Código de Comercio respecto a la reglamentación del negocio

---

(⁴) Luego pasaron a ser los Arts. 328 y 338 respectivamente en la edición de 1932 del Código de Comercio, *supra*.

de seguro de vida. Las disposiciones del Código de Seguros referentes a las cuestiones discutidas precedentemente mantuvieron la naturaleza privilegiada del producto de una póliza de seguro que le concedía el Art. 338 del Código de Comercio, edición de 1932, al efecto de que corresponde íntegramente al beneficiario, con independencia de la condición de heredero o del cómputo ganancial. 26 L.P.R.A. sec. 1133; *cfr. Cádiz* v. *Jiménez,* supra; *Schlüter* v. *Sucn. Díaz,* 41 D.P.R. 884 (1931) ; *Espósito* v. *Guzmán,* supra; *Oliver* v. *Oliver,* supra; *Asociación de Maestros* v. *Corte,* supra.

Las disposiciones del Código de Seguros referentes a la cuestión discutida precedentemente son las siguientes:

"§ *1133. Exención de beneficios—Pólizas de vida*

"(1) El beneficiario, cesionario o tenedor legal de una póliza de seguro de vida (que no fuere un contrato de rentas anuales), efectuada o que en el futuro se efectuare por una persona sobre su propia vida, o sobre la vida de otro, a favor de otra persona que no fuere él mismo, tendrá derecho a los beneficios y ventajas de la póliza, contra los acreedores y representantes del asegurado y de la persona que efectuare el seguro, y dichos beneficios y ventajas estarán también exentos de toda responsabilidad por cualquier deuda de dicho beneficiario, existente a la fecha en que los beneficios y ventajas se hicieren disponibles para su uso.

"(2) Las disposiciones del párrafo (1) se aplicarán:

"(a) háyase o no se haya reservado o permitido en la póliza el derecho de cambiar el beneficiario, y

"(b) háyase o no se haya hecho la póliza pagadera a la persona cuya vida se asegura, o a su sucesión, si el beneficiario, cesionario o tenedor falleciere antes que dicha persona, excepto que esta cláusula no se interpretará en el sentido de frustrar ninguna disposición de la póliza para disponer de los beneficios en otra forma, en caso de que el beneficiario falleciere antes que el asegurado."

Es conveniente señalar además que ni dicho Código de Seguros ni el Código de Comercio que le precedió imponen li-

mitaciones sobre quién puede ser beneficiario en una póliza de seguro de vida al disponer:

"§ *1104. Interés asegurable, seguro personal*

" (1) Una persona de capacidad legal competente puede gestionar y otorgar un contrato de seguro sobre su propia vida o persona *a beneficio de cualquiera otra persona* . . . ." (Énfasis suplido.) Véase además Código de Comercio, 1886, Art. 419; Ed. 1932, Art. 331 (26 L.P.R.A. (ed. 1955) sec. 1284).

Un análisis de nuestros pronunciamientos en que hemos declarado la naturaleza privilegiada del producto de la póliza de seguro de vida y su exclusión del caudal hereditario del causante revela que hemos juzgado que no son de aplicación a esta cuestión las disposiciones del Código Civil por estar el negocio de seguro de vida debidamente reglamentado por el Código de Comercio, antes, y luego por el Código de Seguros. Tanto las disposiciones sobre la libertad del asegurado para designar el beneficiario de su selección, como las que protegen el producto de la póliza de los acreedores y aun de los herederos legítimos, nos hicieron concluir que el producto de la póliza no formaba parte del caudal hereditario del asegurado, ni tampoco formaba parte de los bienes gananciales.

Aunque la jurisprudencia citada precedentemente se refiere al seguro de vida en general y no concretamente al seguro de vida que provee la Asociación de Empleados del Estado Libre Asociado—que es el envuelto en el caso de autos—la razón de ser de la jurisprudencia citada es de igual aplicación a este seguro ya que las disposiciones de la Ley de la Asociación de Empleados referentes al seguro de vida son similares a las de los Códigos de Comercio y de Seguros.

El hecho de que el seguro de vida de la Asociación de Empleados esté regulado por una ley especial y no por el Código de Seguros, no altera la naturaleza privilegiada del producto de la póliza. Se trata en esencia de una misma cosa, de un contrato de seguro de vida cuyos elementos básicos son los mismos bajo una ley u otra.

Es principio cardinal de nuestro ordenamiento jurídico que las materias especiales se rigen por sus leyes especiales y por el derecho jurisprudencial que se va formando en torno a los estatutos. La Ley de la Asociación de Empleados de 1966 preservó el estado de derecho existente bajo las disposiciones del Código de Comercio que regulaban el seguro de vida, luego suplantadas por el Código de Seguros, en el sentido de que el producto del seguro de vida habría de pagarse al beneficiario que designare el asegurado, y en ausencia de designación, a los herederos. Por ello nos es forzoso concluir que aún prevalece la jurisprudencia interpretativa de este Tribunal al efecto de que el producto de una póliza de seguro de vida no es un bien ganancial ni es parte de la herencia del causante.

Las normas que establecimos en el pasado al efecto de que el producto del seguro de vida no formaba parte del caudal hereditario, ni de la sociedad conyugal de bienes, estuvo basada en nuestra interpretación de lo estatuido por el Código de Comercio de 1886 y su edición de 1932, cuyas disposiciones eran similares, según hemos explicado, a las contenidas en las dos leyes de la Asociación de Empleados referentes a los planes de seguro de vida. Tanto las disposiciones del Código de Comercio como las de las leyes de la Asociación de Empleados han estado vigentes simultáneamente, por lo menos desde que resolvimos el caso de *Cádiz* en 1922. No vemos razón alguna para alterar el estado de derecho que ha prevalecido por tantos años con respecto al seguro de vida sin que haya habido indicio alguno del legislador para darle un tratamiento distinto al seguro de vida ofrecido por un organismo del estado que al que tradicionalmente ha ofrecido la empresa privada. Mas al contrario, es evidente que el legislador quiso conceder el mismo tratamiento a ambas clases de seguro de vida. Donde la ley no distingue no debemos distinguir nosotros.

Finalmente pasamos a considerar el efecto de los actos de última voluntad de una persona para disponer de los bienes

que componen su sucesión. Mientras el Código Civil exige que para disponer de los bienes en forma distinta a las disposiciones sobre sucesión intestada es necesario otorgar testamento de acuerdo con los requisitos prevenidos para la sucesión testada, la falta de cumplimiento de dichos requisitos en cuanto a la institución de herederos causará la nulidad de la voluntad testamentaria. Código Civil, Art. 621, 31 L.P.R.A. sec. 2126; Art. 636, 31 L.P.R.A. sec. 2152.

Sin embargo, por vía de excepción a los requisitos sobre disposiciones testamentarias contenidas en el Código Civil, la Ley de la Asociación de Empleados específicamente permite hacer una disposición para tener efecto a la muerte del asegurado mediante la cual el asegurado puede disponer, con una mera declaración de beneficiarios, la persona o personas a quienes habrá de corresponder el importe del seguro, quienes bien pueden ser herederos, su propia cónyuge, o cualquier otra persona. 3 L.P.R.A. (Supl. Acum. 1973) sec. 862m; 3 L.P.R.A. (ed. 1965) sec. 833.

Igualmente, según hemos dicho precedentemente, ni el Código de Comercio ni el Código de Seguros contienen limitaciones sobre quién puede ser beneficiario en una póliza de seguro de vida. Código de Comercio, 1886, Art. 419; Ed. 1932, Art. 331, 26 L.P.R.A. (ed. 1955) sec. 1284; Código de Seguros, Art. 11.330, 26 L.P.R.A. sec. 1133. Tales disposiciones de la Ley de la Asociación de Empleados, del Código de Comercio y del Código de Seguros claramente constituyen excepciones a las disposiciones de última voluntad que requiere el Código Civil, por lo que debemos concluir que el legislador quiso permitir que se dispusiere libremente del producto de una póliza de seguro de vida. Más aún, la propia ley de la Asociación de Empleados así como las disposiciones del Código de Comercio, antes, y las del Código de Seguros, hoy, disponen expresamente que en el evento de que no hubiere designación de los beneficiarios de una póliza de seguro de vida el producto de la misma pertenece a los herederos.

En vista de lo anterior confirmaría la sentencia del tribunal de instancia que adjudica el producto del seguro de vida del causante a sus herederos y a la cónyuge supérstite, en cuanto a su cuota viudal usufructuaria, y modificaría la adjudicación de la suma de $924.48 por concepto de ahorros y dividendos para que la misma se distribuyera entre los herederos legales, conforme lo dispone expresamente la propia Ley de la Asociación de Empleados. 3 L.P.R.A. sec. 863e (Supl. Acum. Tomo 1A, 1973) (5) en la misma forma en que ha de distribuirse el producto de la póliza.

---

(5) "Los beneficios netos que se obtengan por la Asociación, después de deducidos los gastos de administración, las reservas autorizadas y cualquier cantidad que la Asamblea decida utilizar para cualquier empresa o transacción en beneficio de los asociados, deberán ser acreditados como dividendos anualmente a los empleados, en proporción a sus respectivos ahorros al cierre de las operaciones del año fiscal correspondiente. Estos dividendos serán abonados a la cuenta de ahorros de cada asociado y le serán pagados junto con sus ahorros al cesar en su empleo por cualquier motivo *y en caso de muerte a sus herederos legales.*" (Énfasis suplido.)